Desmond, J.
The trial court correctly dismissed the complaint since there was no proof in the record that any negligent act of defendant caused the nerve injury. Plaintiff’s whole theory of action was that defendant had negligently severed the two nerves in question by improperly allowing his drill to penetrate the lingual periosteum which lies between the extracted tooth and these two nerves. However, the only testimony on this subject was given by defendant himself and he swore not only that he did not cut these nerves but that he did his work on the other side of the tooth, that is, between the gum and the cheek, and did not drill through the tooth and out the other side. There is no evidence direct or circumstantial that the instrument used by defendant came near these nerves. Thus it was beside the point to establish that it was contrary to accepted procedure to penetrate the lingual periosteum during the removal of the tooth.
On a sufficient factual showing it might in some such case be possible for a jury to draw the inference on circumstantial nondirect evidence that a defendant must have penetrated the periosteum since no other possible cause of the injury existed. However, that is not this case. Plaintiff’s expert Dr. Silver-stein did not say that .the destruction of these nerves could have resulted from surgical cutting only. His diagnosis was that plaintiff “ had a degeneration ’ ’ of these nerves. Elsewhere he said that she had “ suffered a degeneration or destruction of these two nerves ’ ’ and that he was certain that the condition could only come “ from a severance or destruction or degeneration ” of the nerves. He did not rule out (except by speculation from assumed facts not proven) the possibility that the condition of the nerves might have been caused nontraumatically. In drawing or attempting to draw the inference that the nerves had been cut by defendant, Dr. Silverstein was applying the fallacy of “ post hoc ergo propter hoc In other words, *646 he attempted to testify in the form of an opinion to a supposed fact of which he could have no knowledge, that is, that the destruction of the nerves was caused by surgical cutting.
The Trial Justice ruled out Dr. Silverstein’s testimony that the penetration of the periosteum and destruction of these nerves was contrary to professional practice but this ruling did not prejudice plaintiff since defendant himself testified to the same thing and as we have pointed out this was beside the point because there was no proof that such surgical cutting had occurred.
It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness (Weibert v. Hanan, 202 N. Y. 328, 331; Marx v. Ontario Beach Hotel & Amusement Co., 211 N. Y. 33, 38). He cannot reach his conclusion by assuming material facts not supported by evidence (People v. Patrick, 182 N. Y. 131, 172). What the witness Silverstein tried to do was to testify, despite his lack of knowledge, as to what he assumed or believed defendant had done and then from those assumed facts draw an inference of malpractice. But the facts of the occurrence could only be determined by the jury on competent proof. In the absence of such proof there was no basis for any opinion and the attempted opinion was worthless as evidence. None of the malpractice cases cited by plaintiff dispute this rule since they all deal with instances where the facts of what the defendant did were in the record and where an expert was then allowed to state whether what the defendant had done was in accord with accepted professional practice, etc.
Actually plaintiff’s counsel, in opposing a motion to dismiss the complaint, seemed to have realized all this since he argued that this injury could have come about only through a penetration by the burr of the lingual périosteum. The difficulty was that he had not proven that it came about this way and it is evident in the record that there were other possible causes of the degeneration of these nerves. It may be highly likely that something occurring during this operation did cause this condition but it was not proven on this record.
The judgment should be affirmed, with costs.