■ HAROLD LOPATO et al., Appellants, v KINNEY RENT-A-CAR, INC., et al., Respondents.—Judgment, Supreme Court, Bronx County, entered September 28, 1978, awarding plaintiff Sandra Lopato $50,000 and apportioning liability at 51% to defendant Popkin and 49% to plaintiff Harold Lopato, unanimously reversed, on the law, with costs to abide the event, and the matter remanded for a new trial on all issues. Sandra Lopato, a passenger in an automobile driven by her husband Harold, suffered injuries when their car collided with a vehicle driven by defendant Popkin, who had rented his car from defendant Kinney. At trial, the parties gave conflicting versions as to how the accident occurred. Popkin testified that he was driving north on Blackstone Avenue at 11:00 P.M. on October 30, 1971 when he came to its intersection with West 239th Street. He stated that as he approached the intersection he made a full stop, obeying the traffic sign which was several feet from the corner, moved slowly up to the corner and that when he looked east on West 239th Street, his vision was blocked by two parked cars on that street. Defendant added that his vision was further impeded because at that point West 239th Street inclines steeply toward the east. He proceeded slowly into the intersection, at about five miles an hour, when the car driven by Lopato came up 239th Street at a speed of about 40 miles an hour and hit him across the passenger side about eight feet into the intersection. Popkin stated that as soon as he saw the Lopato car he jammed on his brakes, and was struck while standing still. On the other hand Harold Lopato testified that he was driving west on 239th Street at a maximum speed of 20 miles an hour, with his lights on, and that no traffic preceded him. He was aware that traffic on Blackstone Avenue was faced

with a stop sign. Lopato claimed that he did not see Popkin's vehicle until he himself was entering the intersection, and that when he did see it the Popkin car was 20 to 30 feet away. Lopato claimed that Popkin's car did not stop at the sign, but drove through the stop sign and across the two eastbound lanes on West 239th Street before colliding with his car in the westbound lane. He also claimed to have braked "as violently as [he] could" before the collision. For several reasons we find that a new trial is necessary. First, the testimony of Dr. Bernstein, defendant's medical expert, should have been stricken since it was, at least in part, based on matters not in evidence, viz., the reports of Doctors Raynor and Mayer stating their findings after physical examinations of Sandra Lopato. "It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness". (Cassano v Hagstrom, 5 NY2d 643, 646.) If an opinion is given and cross-examination reveals it to be based on facts not in evidence, the opinion should be stricken. (Mullen v Jacobs, 58 Misc 2d 64.) Here, Dr. Bernstein admitted on cross-examination that his opinion was based in part on these reports. Subsequently, the court denied plaintiffs' offer to place the reports in evidence. Although Dr. Bernstein's testimony was not founded exclusively on the two reports, it should have been stricken entirely to prevent any impermissible prejudice to plaintiff. In the alternative the reports could have been placed in evidence with the inadmissible material redacted. Error was also committed when the court, in further instructing the jury on the relevance in assessing damages of Sandra Lopato's pre-existing arthritic condition, stated that if the jury found that "plaintiff's condition * * * was as a result of the degenerative condition [it could] not award damages therefor." This charge served to confuse the jury since it was inconsistent with the main charge, which had properly informed the jury that if the plaintiff had a bodily condition which made her more subject to injury than a person in normal health the defendant was responsible for such injuries. "A charge that confuses and creates doubt as to the principle of law to be applied requires a new trial. A charge must not contain contradictory and inadequate statements of rules of law." (Biener v City of New York, 47 AD2d 520, 521.) The further instruction in essence, removed from the jury any consideration as to whether plaintiff's previous condition was aggravated by the accident, and implanted in the jurors' minds the belief that if any part of her present disability was the result of her arthritic condition she could not recover for claims arising out of the accident. Third, the court erred in submitting a Dole-Dow apportionment instruction to the jury after the verdict on liability was returned even though in a decision made prior to trial another Judge had denied defendants' motion to amend their answer to assert such a counterclaim. Aside from causing surprise and prejudice to the plaintiffs who had prosecuted the entire trial and whose attorney had summed up without any hint that the court would permit defendants to seek contribution from Harold Lopato, the decision violated the principle that, "in the interest of the orderly administration of justice, one Judge should not modify or overrule the determination of a fellow Judge of co-ordinate jurisdiction". (Public Serv. Mut. Ins. Co. v McGrath, 56 AD2d 812, 813; see, also, Mount Sinai Hosp. v Davis, 8 AD2d 361.) Finally, if we were not reversing due to the errors heretofore enumerated, we would order a new trial because the verdict on apportionment of liability was against the weight of the evidence. Popkin's claim that he was prevented from seeing traffic on West 239th Street strains credulity, as examination of a photograph of the street upon which the Lopatos were traveling reveals that the alleged steep grade would

not prevent observation of an automobile for a distance of several hundred feet down the street, even at night. The Lopatos testified that the headlights of their automobile were on. As already noted, Popkin testified that after looking to his right he traveled no more than eight feet before being hit by Lopato. The clear line of sight down West 239th Street for several hundred feet would belie Popkin's claim that he did not see Lopato's car before he was fully in the intersection after having stopped, and instead would lend credibility to the Lopatos' argument that Popkin failed to stop at all, or that if he did stop, he failed to see what he should have seen. On the retrial defendants should be permitted to claim and prove their right to apportionment of liability with Harold Lopato. The Lopatos can no longer be surprised on this issue and we see no reason to permit a proliferation of litigation. Concur—Fein, J. P., Sandler, Sullivan, Bloom and Lupiano, JJ.