OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff seeks to recover for personal injuries sustained when she was struck by defendant’s bus, asserting her right to common-law recovery because she sustained a “serious injury” as defined by subdivision 4 of section 671 of the Insurance Law. The Appellate Division found that *725 her evidence was insufficient to establish a prima facie case and reversed the judgment of Special Term entered upon a jury verdict.
Under the “No-Fault Law” (Insurance Law, §§ 671-678), there is “no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss” (Insurance Law, § 673, subd 1). In this case plaintiff presented evidence of three types of “serious injury” — a fracture, a permanent loss of use of a body function, and a nonpermanent impairment that prevented her from performing substantially all of her usual and customary activities for at least 90 out of the 180 days immediately following the accident. The jury found for plaintiff on the first two of these types of serious injury and against her on the third.
Plaintiff’s own evidence contradicted her claim that she had sustained a permanent loss of use of a body function and the Appellate Division correctly held that plaintiff had failed to establish a prima facie case of serious injury based on a fracture (see Licari v Elliott, 57 NY2d 230).
With respect to the claimed fracture, plaintiff’s physician testified that, based on his reading of an X ray of her lower back, she was suffering from spondylolisthesis, a misalignment of the vertebra. It was error to permit the doctor’s testimony without producing the X rays and introducing them into evidence (see Marion v Coon Constr. Co., 216 NY 178, 182; Richter v Trailways of New England, 28 AD2d 737, 738; Cellamare v Third Ave. Tr. Corp., 273 App Div 260). There was no objection to his testimony, however, and the matter is not preserved for our review.
Plaintiff’s physician also testified that spondylolisthesis is caused by a fracture. The basis for this medical opinion was a discussion two days prior to trial with a radiologist who held that opinion because of an unknown study that he did not participate in. This evidence was objected to and the Appellate Division correctly found this opinion testimony inadmissible.
“It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness” (Cassano v Hagstrom, 5 NY2d 643, *726 646; Lopato v Kinney Rent-A-Car, 73 AD2d 565, 566). In People v Sugden (35 NY2d 453), we recognized two limited exceptions to this rule and held that an expert may rely on out-of-court material if “it is of a kind accepted in the profession as reliable in forming a professional opinion” or if it “comes from a witness subject to full cross-examination on the trial” (id., at pp 460, 461).
In order to qualify for the “professional reliability” exception, there must be evidence establishing the reliability of the out-of-court material (see Borden v Brady, 92 AD2d 983, 984 [Yesawich, J., concurring]; People v Gupta, 87 AD2d 991; People v Branton, 67 AD2d 664, 665; People v Miller, 57 AD2d 668, 669; People v Borcsok, 114 Misc 2d 810, 811-813; People v De Zimm, 112 Misc 2d 753, 760-762). Plaintiff presented no such evidence in the instant case and therefore the physician’s opinion was inadmissible. Without this testimony there was no basis for finding that the spondylolisthesis was the result of a fracture sufficient to constitute a “serious injury”.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.