■ VIRGINIA MOORE, as Executrix of MARJORIE A. PAGE,

Deceased, Appellant, v BRUNSWICK HOSPITAL CENTER, INC., Respondent.—Judgment, Supreme Court, Bronx County (Beverly Cohen, J.), entered on or about July 24, 1987, which, after a jury trial, found in favor of defendant and dismissed the complaint, unanimously reversed, on the law, the complaint reinstated, and a new trial directed, without costs.

On November 30, 1981, plaintiff, Marjorie Page, was admitted to the defendant hospital, The Brunswick Hospital Center, Inc. (the hospital), after suffering a heart attack. That evening, she went into cardiac arrest, which necessitated an endotracheal intubation—i.e., the insertion of a plastic tube down the throat, through the larynx, and into the trachea—to aid her in breathing. The intubation remained in place until December 3, 1981.

While still hospitalized, plaintiff suffered respiratory failure on December 12, 1981, and required a second intubation until the following day. Plaintiff was discharged from the hospital on December 27, 1981, and then readmitted in respiratory distress on January 5, 1982. After an 11-day confinement, plaintiff was discharged, only to again be admitted to the hospital on January 20, 1982.

On January 22, 1982, plaintiff was diagnosed as having "upper airway obstruction which may be resulting from past endotracheal tube trauma". She continued to have severe difficulty in breathing, and was eventually transferred to Mount Sinai Hospital, where an emergency tracheostomy was performed. Despite hyperbaric treatments to oxygenate her, it was ultimately determined that plaintiff would require a permanent tracheostomy tube.

The within action, which is based upon allegations of the hospital's negligence in the implantation and monitoring of the endotracheal intubation, was commenced in or about July 1982. Plaintiff appeals the judgment entered, after a jury verdict, in defendant's favor. We reverse on the ground that highly prejudicial hearsay testimony was improperly admitted, over objection, on the defendant's case.

A principal claim in this litigation was that the hospital and its employees had failed to monitor and correctly manage the endotracheal intubations, and that this resulted in a "pressure necrosis" of the larynx. The testimony by plaintiff's expert, Dr. Robert Cucin, author of a medical textbook chapter entitled, "The Complications of Tracheostomies", explained this condition as one in which too much pressure applied to a part of the body restricts the flow of oxygen to the area, and

eventually results in the death of the oxygen-deprived tissue. This happened to plaintiff because the inflatable cuffs that seal off the airway around the endotracheal tube were too tight, causing the tissue to become damaged and form a scar in the trachea, which then obstructed the normal flow of air. Dr. Cucin gave his opinion that the failure to monitor inflatable cuffs was a departure from good and accepted medical practice.

Evidence regarding the inflatable cuffs was also given by another of plaintiff's witnesses, respiratory therapist Alpert Duran, who, like Dr. Cucin, testified that it was extremely important to monitor cuff pressure, and that without careful periodic monitoring, blood supply deprivation could result.

Expert testimony on behalf of defendant on this critical issue was given by Betty Calloway, the director of respiratory therapy at the hospital. Ms. Calloway was permitted to testify, solely on the basis of conversations had with counterparts in various area hospitals, that it was the practice of some of the other Long Island hospitals not to monitor endotracheal cuff pressures. This testimony should have been excluded by the trial court.

It is well established that opinion evidence must be based on facts in the record or upon the witness's personal knowledge. (*Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725; *Cassano v Hagstrom,* 5 NY2d 643, 646.) In *People v Sugden* (35 NY2d 453, 460-461), the Court of Appeals recognized two limited circumstances under which an expert may rely upon out-of-court material: (1) where it is "of a kind accepted in the profession as reliable in forming a professional opinion", or (2) where its source is a witness subject to full cross-examination at the trial. The testimony by Ms. Calloway on this principal issue did not meet the appropriate standard or fall within these exceptions. Inasmuch as this evidence was hearsay of a highly prejudicial nature, and was admitted over strenuous and repeated objection, a new trial is warranted. Concur— Murphy, P. J., Sullivan, Asch, Kassal and Wallach, JJ.