Simons, J.
(concurring). I agree defendant’s conviction may not stand. The reason it may not stand is because the People failed to establish that the drug obtained from defendant was proscribed by the Public Health Law. The majority’s opinion, however, by its citation of cases dealing with the foundation requirements, suggests that the error was in receiving the expert’s opinion (see, e.g., Caton v Doug Urban Constr. Co., 65 NY2d 909, 911; Hambsch v New York City Tr. Auth., 63 NY2d 723, 726; People v Sugden, 35 NY2d 453, 459-461; People v Stone, 35 NY2d 69, 74-75; People v Cronin, 60 NY2d 430; People v Samuels, 302 NY 163, 171-172; and authorities cited in majority opn, at 430-431). It should be made clear that the error related not to the admissibility of the expert’s opinion but to the insufficiency of her identification of the substance tested.
On the trial of the action, the People presented a chemist who was recognized by the court, without objection, as "an expert in the area of chemical analyses of controlled substances.” She had worked in the police laboratory for almost *433 10 years and had conducted several thousand analyses of controlled substances, 20% of which were performed on propoxyphene. She testified that she had tested a substance, identified as the substance obtained from defendant, by performing a color test, a thin layer chromatography and a gas chromatography on it. Based upon these facts, the witness was competent to render an opinion identifying the substance tested. She was not required to go further and detail her procedures or findings (see, People v Stone, 35 NY2d 69, 74-75, supra; People v DiPiazza, 24 NY2d 342, 351; People v Cross-land, 9 NY2d 464, 467). If counsel believed the opinion inadmissible because the foundation was inadequate, he could have requested a preliminary voir dire or he could have objected to her identifying the substance. He did neither. On this record, therefore, the witness was correctly permitted to state her opinion and the majority’s extended discussion of admissibility diverts attention from the dispositive issue before the court, the sufficiency of the People’s evidence.
On that point, I agree with the majority that the Appellate Division order of reversal should be affirmed. The witness’s opinion was not legally sufficient to establish the case against defendant and the People did not prove by any other acceptable source which substance on the controlled substance list defendant possessed (see, Penal Law § 220.00 [5]).
Chief Judge Wachtler and Judges Kaye, Alexander and Titone concur with Judge Bellacosa; Judge Simons concurs in result in a separate opinion in which Judge Hancock, Jr., concurs.
Order affirmed.