■ INTERSTATE CIGAR Co., INC., et al., Appellants, v DYNAIRE CORP., Respondent.—In an action to recover damages for negligence and breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), dated October 18, 1989, which, upon granting the defendant's motion pursuant to CPLR 4401 to dismiss the complaint for failure to present a prima facie case, is in favor of the defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced this negligence and breach of contract action against the defendant, alleging its failure to properly install air conditioning units on the roof of a building which housed the plaintiffs' inventory. The plaintiffs' inventory was damaged when rainwater penetrated the roof following the installation of the air conditioners. We agree with the trial court's determination that the plaintiffs failed to make a prima facie showing that the defendant breached its contract to install the air conditioning units by installing them in a negligent manner.

At trial, the plaintiffs' architectural expert offered his opinion that the air conditioners were affixed to the roof without proper steel supports, and that their weight, together with the accumulation of frozen snow, caused a deflection of the roof which in turn allowed the penetration of rainwater. However, the expert admittedly did not know the weight of the air conditioners, and no evidence was presented to demonstrate that the defendant had failed to comply with industry stan-

dards requiring the placement of extra steel supports. The opinion testimony of an expert must be based on facts in the record or personally known to the witness *(Cassano v Hagstrom,* 5 NY2d 643, 646). An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion *(Cassano v Hagstrom, supra; Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725; *Espinosa v A & S Welding & Boiler Repair,* 120 AD2d 435, 437). We find that the expert's opinion was not based upon facts either contained in the record or within his personal knowledge, and was therefore insufficient to establish a prima facie case of negligence or breach of contract.

Since we find that the remainder of the proof presented at trial similarly did not make out a prima facie showing of the defendant's negligence or its breach of contract, we affirm the trial court's dismissal of the complaint.

We have considered the plaintiffs' remaining contentions and find that they are either unpreserved for appellate review or without merit. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.