■ LUTNER GEFRARD et al., Plaintiffs, v E.W. BLISS COMPANY, Defendants, and Third-Party Plaintiffs. PINQUIST TOOL & DIE Co., INC., Third-Party Plaintiff-Respondent, et al., Third-Party Defendants; MEAD FLUID DYNAMICS et al., Third-Party Defendants-Appellants. [614 NYS2d 300] —In an action to recover damages for personal injuries, etc., the fourth third-party defendants Mead Fluid Dynamics, Mead Fluid Dynamics-Division of Stanray Corp., and Mead Fluid Dynamics-Division of ABEX Corporation appeal from an order of the Supreme Court, Kings County (Held, J.), dated November 20, 1992, which denied their motion for summary judgment dismissing the fourth third-party complaint of Pinquist Tool & Die Co., Inc.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion for summary judgment of Mead Fluid Dynamics, et al. (hereinafter Mead) because Pinquist Tool & Die Co., Inc. (hereinafter Pinquist) raised triable issues of fact, such as whether the punch press was equipped with a CSV-105 hand operated activation device at the time of the accident, whether the device was defective, and whether that defect caused the

punch press to malfunction, injuring the plaintiff *(see, Zuckerman v City of New York,* 49 NY2d 557; *see also, Codling v Paglia,* 32 NY2d 330; *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124). Contrary to Mead's contention, the opinion stated in the affidavit submitted by Pinquist expert was in admissible form because it was based on facts in the record or personally known to the affiant *(see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723; *Nyon Sook Lee v Shields,* 188 AD2d 637). Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.