Smith, J.
(dissenting). I would affirm. At the beginning of the trial, the plaintiff sought to preclude the defendant from introducing an X-ray report in the absence of the X ray itself. In addition to the issue of why the X ray was unavailable, there was some question about the accuracy of the report. The court sustained the objection to the report but agreed that the defendant could make a record as to the efforts to find the X ray. Testimony as to the efforts to find the X ray was given to the court in the absence of the jury. Before the end of the trial testimony, the X ray was found, strong evidence that an adequate search for the X ray had not been made.
The principal issues here are (1) whether the introduction of the secondary evidence of an X-ray report is relevant any longer given the posture of this case, (2) whether the trial court should have admitted the X ray after it was found on the last day of the trial and (3) whether in this case the "best evidence” rule precludes the introduction of an X-ray report as a business record and the testimony of the doctor who prepared the report, without the admission of the X ray itself into evidence. On the facts of this case, the trial court did not err or abuse its discretion in its rulings.
I
Defendant issued to plaintiff’s husband a conditional receipt providing that $100,000 in life insurance would become effective if certain conditions were met. After her husband’s death from causes unrelated to his heart, plaintiff commenced this action, alleging defendant is obligated to pay her $100,000. Defendant asserted, inter alla, that conditions precedent for the insurance to become effective were not met in that at the time of his application, plaintiff’s husband suffered a heart *652 disorder which made him an unacceptable risk. At the beginning of the trial, because defendant was not able to locate an X ray taken of plaintiff’s husband, plaintiff moved to preclude defendant from introducing into evidence any report or expert testimony concerning the X ray. During trial, defendant located the X ray and sought to introduce it into evidence. Supreme Court refused the request.
The Appellate Division affirmed and awarded plaintiff the proceeds of her deceased husband’s life insurance policy, stating, inter alia:
"Contrary to the defendant’s contentions, the X ray report it sought to admit into evidence at trial is inadmissible without the introduction of the underlying X ray. * * * Further, the X ray report is not a business record since, in this case, it was not created for the purpose of diagnosis and treatment. * * *
"We find that, given the broad discretionary powers of a trial court to control the case before it, it was not an improvident exercise of discretion for the trial court to preclude admission of the newly found X ray on the last day of trial after all the witnesses had testified.” (197 AD2d 510, 510-511.)
Defendant appeals, pursuant to leave granted by this Court, arguing that the exclusion of the X-ray report and the refusal to permit the introduction of the X ray after it was found require the granting of a new trial.
II
The ruling of the trial court precluding use of the X-ray report without the production of the X ray was not erroneous. When the trial court made its ruling, it stated that defendant could have an opportunity to make a record as to why the X ray was not produced. The jury was told (in language objected to by plaintiff) that the X-ray report was not admitted in the absence of the X ray and that the X ray could not be located. Subsequently, out of the presence of the jury, testimony was taken about the efforts to locate the X ray.
Before any further argument was held on the admissibility of the X-ray report, the X ray was found. Once the X ray was found, the issue of the admission of the secondary evidence, an X-ray report, was no longer the primary issue. The issue became whether the newly found X ray should be admissible *653 into evidence. The issue of whether the X-ray report was admissible is relevant now only if the majority is saying that on a retrial, it may be admitted into evidence.
III
The trial court did not abuse its discretion when it disallowed defendant’s request for the introduction of the X ray found on the last day of the trial after all the witnesses had testified (Feldsberg v Nitschke, 49 NY2d 636, 643; Agate v Morrison, 84 NY 672). Plaintiffs decedent applied for insurance and received a conditional receipt in October 1985. He died in April 1986 of causes unrelated to his heart. Several weeks prior to his death, an X ray of his chest had been taken. At the time the trial commenced in October 1991, the X ray had not been found despite plaintiff’s requests for it. However, other X rays, taken in 1973, 1974, and 1984, were admitted and analyzed. In the opinion of the expert who testified about those X rays, there was no evidence of an enlarged heart or of "cardiac abnormality.”
IV
Given the facts presented here, the preclusion of the X-ray report and the testimony of the doctor who prepared the report, without the admission of the X ray itself into evidence, was proper.
The best evidence rule requires a party who seeks to prove the contents of a document to offer in evidence the original copy of that document. If the party does not offer the best evidence, but rather offers secondary evidence, the adversary’s objection must be sustained. (4 Wigmore, Evidence §§ 1173-1175 [Chadbourn rev 1972].) The expert testimony of the physician regarding his X-ray report was inadmissible, as the best evidence, the actual X ray, was not in evidence.
Defendant argues that the X-ray report was secondary evidence. This report, however, is inadmissible hearsay unless it fits within one of the hearsay exceptions. Defendant contends the report fits within the business record exception of the hearsay rules. The Appellate Division, however, denied the admission of this report, as it was not completed within the normal course of the physician’s business, for purposes of diagnosis and treatment (Hambsch v New York City Tr. Auth., 63 NY2d 723, 725; Marion v Coon Constr. Co., 216 NY 178; Wilson v Bodian, 130 AD2d 221, 231). It is not necessary to *654 agree with this aspect of the Appellate Division decision and to conclude that a doctor’s report could never be admissible in the absence of an X ray.
Here, there was a specific challenge to the accuracy of the report and the measurements it contained. The testimony of one expert made it clear that the measuring of the heart on an X ray is an art as well as a science and that physicians could differ as to those measurements. Thus, plaintiff was not able to make her own measurements from an X ray that defendant was obligated to produce. An ability to cross-exam-inc the doctor making the X-ray report was not an adequate substitute for production of the X ray.
Even if the report could be received as secondary evidence upon a foundation which explained adequately the absence of the X ray, the testimony on the search for the X ray was not sufficient. Moreover, the finding of the X ray raises an issue of the adequacy of any foundation.
For these reasons, I dissent and would affirm the order of the Appellate Division.
Chief Judge Kaye and Judges Bellacosa, Levine and Ciparick concur with Judge Titone; Judges Simons and Smith dissent and vote to affirm in separate opinions.
Order reversed, etc.