■ ARDEN FRANKLIN, Appellant, v JAROS, BAUM & BOLLES, INC., Defendant and Third-Party Plaintiff-Respondent. COLUMBIA UNIVERSITY, et al., Third-Party Defendants-Respondents. [684 NYS2d 282] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), entered June 5, 1998, which, upon granting (a) the motion of the defendant third-party plaintiff Jaros, Baum & Bolles, Inc., to preclude the testimony of the plaintiff's expert, and (b) the motion of the defendant third-party plaintiff, in which the third-party defendants Columbia University and Columbia University School of Law joined, to dismiss the action for failure to prove a prima facie case, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The Supreme Court did not improvidently exercise its discretion (*see, Werner v Sun Oil Co.,* 65 NY2d 839; *see also, Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398) in precluding the testimony of the plaintiff's proposed expert on the subject of the design, installation, and maintenance of a heating, ventilation, and air conditioning system (hereinafter HVAC) on the ground that the witness was not qualified to render an opinion as to whether the defendant had negligently designed the system which it provided to the Columbia School of Law in 1958. The witness did not possess the requisite knowledge to render a reliable opinion, and there was an insufficient factual record upon which to base an opinion that the defendant had deviated from New York City industry standards at the time it submitted its design and installed the HVAC system (*see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725; *Cassano v Hagstrom,* 5 NY2d 643, 646; *see also, Kazlow v City of New York,* 253 AD2d 411; *Loewenthal v Catskill Funland,* 237 AD2d 262; *Interstate Cigar Co. v Dynaire Corp.,* 176 AD2d 699). Joy, J. P., Krausman, Florio and Luciano, JJ., concur.