Peters, J.
Appeal from a decision of the Workers’ Compensation Board, filed November 10, 1997, which denied claimant’s claim for workers’ compensation benefits.
Claimant’s husband (hereinafter decedent) died of lung cancer in 1992. Relying upon the general rule that the Workers’ Compensation Board cannot entirely reject the unanimous opinion of the experts and draw its own conclusion regarding causation (see, Matter of Van Patten v Quandt’s Wholesale Distribs., 198 AD2d 539), claimant contends that the Board erred in reversing the Workers’ Compensation Law Judge’s decision which found, inter alia, causal relationship.
It is undisputed that the two experts upon which claimant relies based their opinions of causation upon the assumption that decedent was exposed to ink, paper dust and solutions during his employment. “[0]pinion evidence must be based on facts in the record or personally known to the witness” (Cassano *749 v Hagstrom, 5 NY2d 643, 646). The opinion may be based on assumed facts which “are fairly inferable from the evidence” (Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410, 414), but an expert “cannot reach his conclusion by assuming material facts not supported by evidence” (Cassano v Hagstrom, supra, at 646). There are two exceptions to this rule: where the expert relies on material which is of a kind accepted in the profession as reliable or where the material comes from a witness subject to full cross-examination (Hambsch v New York City Tr. Auth., 63 NY2d 723, 726).
In this case, the Board found that there was no evidence to establish decedent’s work environment or the chemicals to which he was exposed in his employment. The experts’ assumption that decedent was exposed to ink, paper dust and solutions was, therefore, not reasonably inferable from any evidence in the record. Nor was there any evidence that the experts had personal knowledge regarding decedent’s work environment. One expert referred to conversations he had with other people employed in similar occupations, but the Board rejected the expert’s reliance on these informal conversations. Inasmuch as the “professional reliability” exception is clearly inapplicable and the people with whom the expert conversed were not subject to cross-examination, the Board’s conclusion is consistent with the principles set forth in Cassano v Hagstrom (supra) and Hambsch v New York City Tr. Auth. (supra). Having found no evidentiary support for the assumption upon which the experts’ opinions were based, the Board was justified in concluding that the opinions had no probative value on the issue of causal relationship (see, Matter of Snyder v Lawrence Warehouse Co., 28 AD2d 589; see also, Pitkin v McMahon, 243 AD2d 958, 961; Finkelman v City of New York, 207 AD2d 522, 523, Iv denied 85 NY2d 807).
The cases upon which claimant relies, Matter of Tinelli v Ken Duncan, Ltd. (199 AD2d 567) and Matter of Stein v New York Times Co. (78 AD2d 757), are distinguishable, for they involved the Board’s exercise of its factfinding power in concluding that, based upon the evidence in those cases, causal relationship had been established. Claimant’s reliance on the presumption in Workers’ Compensation Law § 21 (5) is also misplaced. The presumption that medical reports introduced by a claimant constitute prima facie evidence of their contents is intended to reduce the necessity for the actual testimony of the claimant’s expert (see, Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 21, at 240). In this case, the reports contained a *750 factual assumption for which the Board found no evidentiary support in the record. The presumption cannot cure the deficiency.
As a final matter, we note that the record contains a third expert’s opinion, which concluded that decedent’s lung cancer was directly related to his extensive smoking and was not caused by any exposure at work. While the Board’s decision does not specifically refer to the third expert’s opinion, the decision does state that it is based “upon review of the entire record”. Accordingly, the existence of the contrary expert opinion provides an additional basis for the Board’s finding on the causal relationship issue (see, Matter of Panagiotatos v Eastman Kodak Co., 222 AD2d 877).
Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.