■ DENZEL SAMUEL et al., Plaintiffs, v RICHARD ARONEAU et al., Defendants and Third-Party Plaintiffs-Appellants. VALERIA WATSON, Third-Party Defendant; HASSAN ABDELLAH, Third-Party Defendant-Respondent. [704 NYS2d 652] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated August 20, 1999, which granted the motion of the third-party defendant Hassan Abdel-

lah for summary judgment dismissing the third-party complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The appellants owned an apartment building at 479 Clinton Avenue in Brooklyn. A former tenant, Joy Babb, individually and on behalf of her son Denzel Samuel, commenced this action against the appellants, alleging that they were responsible for injuries suffered by Denzel as a result of lead poisoning. The appellants commenced a third-party action against the owners of 483 Clinton Avenue, an apartment building next door to 479 Clinton Avenue, alleging that the sandblasting of the exterior of 483 Clinton Avenue in 1993 caused the release of lead-contaminated dust, which contributed to Denzel's injuries. Hassan Abdellah, the owner of 483 Clinton Avenue in 1993, moved for summary judgment dismissing the third-party action insofar as asserted against him, and the Supreme Court granted the motion.

Abdellah established prima facie entitlement to summary judgment, as there was no evidence in the record that lead-based paint was found on the exterior of 483 Clinton Avenue. In response, the appellants offered an expert's affidavit suggesting that lead-based paint was present because most exterior paint used prior to 1978 contained lead, and there was an elevated lead level in the soil near 483 Clinton Avenue. The expert concluded that the sandblasting released lead-contaminated dust and that such dust could have contributed to Denzel's lead poisoning.

Opinion evidence must be based on facts in the record or personally known to the witness (*see, Cassano v Hagstrom,* 5 NY2d 643). If the expert's conclusions lack foundation in the record and are speculative, the affidavit will not raise questions of fact sufficient to preclude summary judgment (*see, Aghabi v Sebro,* 256 AD2d 287; *Glorioso v Schnabel,* 253 AD2d 787; *Davis v Pimm,* 228 AD2d 885). Since there is no evidence in the record that the paint on the exterior of 483 Clinton Avenue contained lead at the time of the sandblasting in 1993, the expert's conclusion that the sandblasting created lead-contaminated dust which contributed to Denzel's lead poisoning is without foundation and wholly speculative. Accordingly, the Supreme Court properly granted Abdellah's motion for summary judgment. O'Brien, J. P., Ritter, Sullivan and Smith, JJ., concur.