■ ALTAGRACIA SIMO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent, NAB CONSTRUCTION CORP./ GROW TUNNELING CORP., J.V., Respondent-Appellant, et al., Defendants. [788 NYS2d 145]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals and the defendant NAB Construction Corp./Grow Tunneling Corp., J.V., cross-appeals from so much of a judgment of the Supreme Court, Queens County (Flug, J.), entered May 2, 2002, as, upon a jury verdict on the issue of liability finding the New York City Transit Authority 40% at fault in the happening of the accident and NAB Construction Corp./Grow Tunneling Corp., J.V., 60% at fault in the happening of the accident, upon a jury verdict on the issue of damages awarding the plaintiff the sums of $850,000 for past pain and suffering and $1,000,000 for future pain and suffering, upon an order of the same court dated April 23, 2002, inter alia, denying those branches of their separate motions which were pursuant to CPLR 4404 to set aside the verdict on the issue of liability and for judgment as a matter of law and granting those branches of their separate motions which were pursuant to CPLR 4404 to set aside the verdict on the issue of damages only to the extent of directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the award to the sums of $200,000 for past pain and suffering and $400,000 for future pain and suffering, and upon the plaintiff's stipulation, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law, with costs, those branches of the motions which were pursuant to CPLR 4404 to set aside the verdict on the issue of liability and for judgment as a matter of law are granted, those branches of the motion which were pursuant to CPLR 4404 to set aside the verdict on the issue of damages are denied as academic, the complaint is dismissed insofar as asserted against the defendants New York City Transit Authority and NAB Construction Corp./Grow Tunneling Corp., J.V., and the order dated April 23, 2002, is modified accordingly.

The plaintiff allegedly slipped and fell on a defect in a sidewalk outside the 40th Street IRT station in Queens County.

"In order to prevail at trial in a negligence case, a plaintiff must establish by a preponderance of the evidence that the defendant's negligence was a proximate cause of plaintiff's injuries. A plaintiff is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]).

However, it is "settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness" (*Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]; *see Hambsch v New York City Tr. Auth.*, 63 NY2d 723 [1984]). An expert may not reach his conclusion by assuming material facts not supported by the evidence (*see Cassano v Hagstrom, supra*).

At bar, the testimony of the plaintiff's expert in civil engineering merely assumed that vehicles owned by NAB Construction Corp./Grow Tunneling Corp., J.V. (hereinafter NAB Construction), mounted the sidewalk where the accident occurred. The plaintiff's expert could only speculate on whether or not NAB Construction's vehicles caused the defect. Nevertheless, he went on to testify as to what he assumed or believed NAB Construction had done and then from those assumed facts drew an inference of negligence.

Experts may not assume the very question their testimony seeks to prove (*see Cassano v Hagstrom, supra; Hambsch v New York City Tr. Auth., supra*). There was no other testimony linking activities on the part of NAB Construction to the defect which allegedly caused the plaintiff's accident. Consequently, the plaintiff failed to make out a prima facie case of negligence against NAB Construction and the complaint should have been dismissed insofar as asserted against that defendant.

The New York City Transit Authority (hereinafter the Transit Authority) cannot be held liable for injuries caused by the dangerous or defective condition of the City of New York's sidewalk because it does not own, maintain, operate, or control the public streets and sidewalks, and it therefore had no duty to exercise reasonable care with respect to the area approximately six feet from the train station, where the plaintiff allegedly fell (*see Pantazis v City of New York*, 211 AD2d 427 [1995]). In addition, there was no evidence that the Transit Authority benefitted from this portion of the sidewalk in a manner different from that of the general populace such to impute liability based upon a theory of special use (*see id.*).

In light of our determination, the remaining contentions of

NAB Construction and the Transit Authority are academic. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.