In an action to recover damages for injury to property, the defendants City of New York, New York City Department of Environmental Protection, and Carp Construction Corp. appeal from an order of the Supreme Court, Queens County (Flug, J.), entered August 28, 2008, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
*654 The plaintiffs, who live in a two-story house in Bayside, claim that excessive vibrations and other activities that occurred during the construction of a sewer in their neighborhood caused substantial damage to their house. The plaintiffs commenced the instant action against the City of New York (hereinafter the City), New York City Department of Environmental Protection (hereinafter the DEP), Carp Construction Corp. (hereinafter Carp) (hereinafter collectively the appellants) and URS Corp. to recover damages for injury to property.
The Supreme Court properly denied that branch of the appellants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the second and third causes of action insofar as asserted against Carp. The action was timely commenced within the three-year statute of limitations set forth in CPLR 214 (4), which governs actions to recover damages for injury to property (see Ito v Dryvit Sys., Inc., 16 AD3d 554, 555 [2005]).
Similarly, the Supreme Court properly denied that branch of the appellants’ motion which was to dismiss the second and third causes of action insofar as asserted against the City and the DEE A notice of claim was timely served upon the City, and the action was timely commenced within the one-year-and-90day statute of limitations set forth in General Municipal Law § 50-i (1). Contrary to the appellants’ contention, the notice of claim sufficiently described the nature of the plaintiffs’ claim, as well as the time, place, and manner in which the claim arose (see General Municipal Law § 50-e [2]; Brown v City of New York, 95 NY2d 389, 393 [2000]; O’Brien v City of Syracuse, 54 NY2d 353, 358 [1981]; Kim L. v Port Jervis City School Dist., 40 AD3d 1042, 1044 [2007]; DeLeonibus v Scognamillo, 183 AD2d 697, 698 [1992]).
In addition, the Supreme Court properly denied that branch of the appellants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them, as the appellants failed to establish, prima facie, that they were entitled to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853 [1985]). The opinions set forth in the affidavit of the appellants’ expert were based, in part, on alleged facts that were contradicted by documentary evidence and deposition testimony contained in the record (cf. Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984]; Cassano v Hagstrom, 5 NY2d 643, 646 [1959]; Simo v New York City Tr. Auth., 13 AD3d 609, 611 [2004]). Furthermore, contrary to the appellants’ contention, the City and the DEP failed to establish that they were immune from liability as governmen *655 tal actors, since, under the circumstances here, they were performing a proprietary function as opposed to a governmental function in constructing the sewer (see Johnston v District of Columbia, 118 US 19, 20-21 [1886]; Seifert v City of Brooklyn, 101 NY 136, 142-146 [1886]; Tappan Wire & Cable, Inc. v County of Rockland, 7 AD3d 781, 782-783 [2004]; Biernacki v Village of Ravena, 245 AD2d 656, 657 [1997]; Town of Yorktown v Vanguard Tours, 83 AD2d 866 [1981]). Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.