ELAINE ROSATO et al., Respondents, v 2550 CORPORATION, Also Known as HEMPSTEAD TURNPIKE CORP., et al., Appellants, et al., Defendant. [894 NYS2d 513]—

In an action to recover damages for personal injuries, etc., the defendant 2550 Corporation, also known as Hempstead Turnpike Corp., appeals, and the defendant Sunoco, Inc. (R&M), separately appeals, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated September 18, 2008, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against them other than the plaintiff's claims to recover damages for leukemia and anemia.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint insofar as asserted against the appellants are granted in their entirety.

Between August 1996 and October 1997, the plaintiff Elaine Rosato (hereinafter the plaintiff) was employed as a legal assistant at the law office of Cardino & Cardino, at 217 Merrick Road (hereinafter the subject building) in Amityville. In October 1996 the plaintiff allegedly began experiencing certain physical symptoms she associated with environmental contamination at her workplace.

The plaintiff and her husband, derivatively, commenced this action against, among others, the defendant Sunoco, Inc. (R&M) (hereinafter Sunoco), the owner of a gas station (hereinafter the Sunoco station) located at 318 Montauk Highway and the defendant 2550 Corporation, also known as Hempstead Turnpike Corp. (hereinafter 2550 Corp.), the owner of the subject building, to recover damages for personal injuries, etc. The plaintiffs alleged, inter alia, that Sunoco and 2550 Corp. failed to maintain their respective premises in a reasonably safe condition. It was alleged that Sunoco allowed discharge from underground stor-

age tanks (hereinafter USTs) to leak and release hazardous particles such as methyl tertiary butyl ether, hydrocarbons, and petroleum distillates and that 2550 Corp. allowed the hazardous particles from the USTs to enter the subject building and remain on the premises.

Sunoco and 2550 Corp. separately moved for summary judgment dismissing the complaint insofar as asserted against them. On its motion, 2550 Corp., inter alia, incorporated by reference the documents proffered by Sunoco on its motion. The Supreme Court denied the motions except to the extent of dismissing the plaintiff's claims to recover damages for leukemia and anemia insofar as asserted against each of the movants. We reverse insofar as appealed from and grant the motions for summary judgment dismissing the complaint insofar as asserted against Sunoco and 2550 Corp. in their entirety.

Sunoco and 2550 Corp. established their prima facie entitlement to judgment as a matter of law on the issue of liability through the affidavit of Sunoco's expert, Robert Ancona, a Senior Hydrologist employed by Environmental Assessment and Remediations (hereinafter EA&R). EA&R had been retained by Sunoco in 1990 to begin a monthly monitoring and quarterly groundwater sampling program at the Sunoco station in connection with the discovery of a contaminated groundwater plume. Subsequently, the New York State Department of Environmental Conservation requested that EA&R perform additional work, including the preparation of a remedial action plan.

Ancona personally conducted both onsite and offsite investigations of the Sunoco station and the well network established in 1994 and 1995 for the purposes of monitoring the spread of the plume. Relying on his personal observations and investigations, as well as the documents attached to his affidavit, which included "A Section View of Water Bearing Units and . . . Groundwater Flow Patterns" published by the United States Geological Survey (hereinafter the USGS standard) and a regional water table elevation contour map of the subject area, Ancona rendered his expert opinion regarding the alleged contamination of the subject building (see generally Cassano v Hagstrom, 5 NY2d 643, 646 [1959]; Plainview Water Dist. v Exxon Mobil Corp., 66 AD3d 754 [2009]; Samuel v Aroneau, 270 AD2d 474, 475 [2000]). According to Ancona, the data from the monitoring wells established that the plume flowed in a "narrow band" running approximately 192 degrees and then 198 degrees (generally north to south) from the Sunoco station with "little dispersion" before emptying into Amityville Creek in

excess of 2,000 feet south of the portion of Merrick Road where the subject building was located. The subject building was located in a west-northwest orientation from the Sunoco station. Ancona averred that a properly defined "MTBE plume pathline may be used to estimate groundwater flow direction and velocity." Ancona opined that, to a reasonable degree of hydrogeological certitude, groundwater from the Sunoco station which, according to the USGS standard, the regional water table elevation contour map of the subject area, and the defined MTBE plume pathline, did not flow in the direction of the subject building, could not have caused the alleged contamination at the subject building.

In opposition, the plaintiffs failed to raise a triable issue of fact. An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion (see Cassano v Hagstrom, 5 NY2d at 646; Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984]; Santoni v Bertelsmann Prop., Inc., 21 AD3d 712, 715 [2005]; Espinosa v A & S Welding & Boiler Repair, 120 AD2d 435, 437 [1986]; see e.g. Amatulli v Delhi Constr. Corp., 77 NY2d 525, 535 [1991]; Samuel v Aroneau, 270 AD2d at 475). Here, the opinion of the plaintiffs' environmental investigator that the subject building was contaminated by leaking USTs beneath the Sunoco station was not based upon facts either contained in the record or within his personal knowledge (see generally Cassano v Hagstrom, 5 NY2d at 646).

Accordingly, the Supreme Court should have granted in their entirety the motions of Sunoco and 2550 Corp. for summary judgment dismissing the complaint insofar as asserted against each of them.

Based on the foregoing, the parties' remaining contentions regarding the proximate cause of the plaintiff's alleged injuries have been rendered academic. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32755(U).]**