Ippolito v Consolidated Edison of N.Y., Inc. (2019 NY Slip Op 08179)





Ippolito v Consolidated Edison of N.Y., Inc.


2019 NY Slip Op 08179


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-09546
 (Index No. 101789/12)

[*1]Anna Ippolito, respondent, 
v
Consolidated Edison of New York, Inc., appellant.


Nadine Rivellese, New York, NY (Stephen T. Brewi of counsel), for appellant.
Charles C. DeStefano, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Richmond County (Theresa Ciccotto, J.), dated July 5, 2017. The judgment, upon, inter alia, the denial of the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint, and a jury verdict in favor of the plaintiff on the issue of liability, is in favor of the plaintiff and against the defendant in the principal sum of $412,500.
ORDERED that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 is granted, and the complaint is dismissed.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in December 2011 when she tripped and fell while walking on a sidewalk on Staten Island. At trial, the plaintiff presented expert testimony from a home and building inspector, who opined that the cause of the plaintiff's fall was a two-inch height differential between adjacent sidewalk flags, upon one of which a manhole owned by the defendant was located. According to the expert, this sidewalk flag and manhole had settled lower than the adjacent driveway sidewalk flag due to improper backfilling and compaction during installation.
At the close of the plaintiff's case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that the plaintiff had failed to make out a prima facie case of negligence, as the testimony of her expert witness was, inter alia, speculative and based upon unsupported assumptions. The Supreme Court denied the motion.
The jury returned a verdict in favor of the plaintiff and against the defendant on the issue of liability. After the jury returned a verdict in favor of the plaintiff and against the defendant on the issue of damages, the Supreme Court issued a judgment in favor of the plaintiff and against the defendant in the principal sum of $412,500. The defendant appeals.
"It is within the Supreme Court's sound discretion to determine whether a particular witness is qualified to testify as an expert, and its determination will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion " (Formica v Formica, [*2]101 AD3d 805, 806 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in determining that the plaintiff's expert witness possessed the requisite knowledge and experience to render a reliable opinion with regard to the subject backfilling process and related New York City Department of Transportation requirements and the effects of improper backfilling on the stability of any dependent structures (see Matott v Ward, 48 NY2d 455, 459; Formica v Formica, 101 AD3d at 806-807; cf. Hofmann v Toys "R" Us, NY Ltd. Partnership, 272 AD2d 296).
However, "opinion evidence must be based on facts in the record or [generally] known to the witness" (Hambsch v New York City Tr. Auth., 63 NY2d 723, 725). "Experts may not assume the very question their testimony seeks to prove" (Simo v New York City Tr. Auth., 13 AD3d 609, 611). Here, the expert reached his conclusion as to the defendant's negligence by assuming material facts not supported by the evidence and by guessing and speculating in drawing that conclusion (see Interstate Cigar Co. v Dynaire Corp., 176 AD2d 699, 700). For example, the expert testified to having no knowledge of when the sidewalk was constructed, when the manhole had been installed, or the weight and inside dimensions of the manhole structure. Yet, he opined that the defendant was responsible for the settling of the sidewalk flag and manhole due to improper backfilling, simply because the manhole belonged to the defendant at the time of the plaintiff's fall.
Contrary to the plaintiff's contention, absent the expert's assumptive and speculative testimony, there was no evidence of the defendant's negligence. " A motion for judgment as a matter of law pursuant to CPLR 4401 . . . may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Rumford v Singh, 130 AD3d 1002, 1003-1004, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844). In determining such a motion, the court must consider the facts in a light most favorable to the nonmoving party, which must be afforded every inference that may properly be drawn from the facts presented (see Szczerbiak v Pilat, 90 NY2d 553, 556). Applying this standard here, there was no valid line of reasoning or permissible inferences which could have led the jury to conclude that the defendant was responsible for the plaintiff's fall. Therefore, the Supreme Court should have granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint (see Romano v Stanley, 90 NY2d 444, 451-452; Hambsch v New York City Tr. Auth., 63 NY2d at 726; Interstate Cigar Co. v Dynaire Corp., 176 AD2d at 700).
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court