| Homapour v 3M Props., LLC |
|:---:|
| 2025 NY Slip Op 31354(U) |
| April 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653795/2015 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------------X

MEHRNAZ NANCY HOMAPOUR, BALANCE PROPERTY, LLC,JAM REALTY NYC LLC,UNITED CHELSEA, LLC,UNITED EAST, LLC,UNITED FIFTH, LLC,UNITED FLATIRON LLC,UNITED GREENWICH, LLC,UNITED HAY, LLC,UNITED NATIONWIDE REALTY LLC,UNITED PRIME BROADWAY, LLC,UNITED PRIME LLC,UNITED SEED LLC,UNITED SQUARE LLC,UNITED VILLAGE, LLC,UNITED WEST, LLC,

|  |  |
|---|---|
| **INDEX NO.** | 653795/2015 |
| **MOTION DATE** | 10/04/2024 |
| **MOTION SEQ. NO.** | 020 |

Plaintiffs,

**DECISION + ORDER ON MOTION**

- v -

3M PROPERTIES, LLC,BALANCE PROPERTY, LLC,JAM REALTY NYC LLC,UNITED CHELSEA, LLC,UNITED EAST, LLC,UNITED FIFTH, LLC,UNITED FLATIRON LLC,UNITED GREENWICH, LLC,UNITED HAY, LLC,UNITED NATIONWIDE REALTY LLC,UNITED PRIME BROADWAY, LLC,UNITED PRIME LLC,UNITED SEED LLC,UNITED SQUARE LLC,UNITED VILLAGE, LLC,UNITED WEST, LLC,JACOB NY HOLDINGS LLC,JACOB NY HOLDINGS LTD., 172 MULBERRY REALTY LLC,1007 LEX AVE LLC,69 CLINTON NPG LLC,163 CHRYSTIE REALTY LLC,427 EAST 77TH STREET LLC,360 EAST 50TH STREET ASSOCIATES LLC,356 EAST 50TH STREET ASSOCIATES LLC,ORANGE & BLUE LLC,ALEXANDER SELIGSON, SELIGSON ROTHMAN & ROTHMAN, GERARDINE T. DELLARATTA, AS EXECUTRIX FOR THE ESTATE OF HENRY DELLARATTA, NATALIE HAROUNIAN, MEHRNOSH PIROOZIAN, JACOB HAROUNIAN, MARK HAROUNIAN, JOHN DOES 1-100,

Defendants.

-------------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 020) 1388, 1389, 1390, 1391, 1392, 1393, 1394, 1395, 1396, 1397, 1398, 1399, 1400, 1401, 1402, 1403, 1404, 1405, 1406, 1407, 1408, 1409, 1410, 1411, 1412, 1413, 1414, 1415, 1416, 1417, 1418, 1419, 1420, 1421, 1422, 1423, 1424, 1425, 1426, 1427, 1428, 1429, 1430, 1431, 1432, 1433, 1434, 1435, 1436, 1437, 1438, 1439, 1440, 1441, 1442, 1467, 1468, 1469, 1470, 1471, 1472, 1473

were read on this motion to                          PRECLUDE                          .

653795/2015   HOMAPOUR, MEHRNAZ NANCY vs. 3M PROPERTIES, LLC
Motion No. 020

Page 1 of 4

[* 1]

The Harounian Defendants[1] move to preclude the testimony of Plaintiff Mehrnaz Homapour's forensic accounting expert, Jack Gutierrez. For the reasons set forth below, the Harounian Defendants' motion is **denied**.

Expert testimony is admissible where it is helpful to the trier of fact, based on facts in the record or of a type reasonably relied upon by experts in the field, and grounded in a reliable methodology that is generally accepted within the expert's professional discipline (*see Parker v Mobil Oil Corp*., 7 NY3d 434, 446 [2006]; *Hambsch v NYC Tr. Auth*., 63 NY2d 723, 726 [1984]).  New York courts follow a liberal standard for admissibility, generally (though not always) preferring to allow the fact finder to evaluate the strength of expert testimony through cross-examination rather than excluding it outright: "[a]ny defects in the opinions of plaintiff's experts or the foundation on which those opinions were based . . . [go] to the weight to be accorded that evidence by the trier of fact, not to its admissibility in the first instance"  (*Sadek v Wesley*, 27 NY3d 982, 983 [2016]; *see Adamy v Ziriakus*, 92 NY2d 396, 402-03 [1998]).

The Harounian Defendants' primary challenge to Mr. Gutierrez's stems from his alleged over-reliance on his associates. "[A]n expert may rely on assistants or the opinions of other experts in formulating their own expert opinions" (*Faulkner v Arista Recs. LLC*, 46 F Supp 3d 365, 385 [SD NY 2014]).  However, the expert must supervise, direct, or participate in that work: "[t]he expert witness must in the end be giving his own opinion.  He cannot simply be a

---

[1] The "Harounian Defendants" collectively include: (a) Mark Harounian ("Mark"); (b) 3M Properties LLC, Balance Property LLC, JAM Realty NYC LLC, United Chelsea LLC, United East LLC, United Fifth LLC, United Flatiron LLC, United Greenwich LLC, United Hay LLC, United Nationwide Realty LLC, United Prime Broadway LLC, United Prime LLC, United Seed LLC, United Square LLC, United Village LLC, and United West LLC (collectively, the "Family LLCs"); and (c) 172 Mulberry Realty LLC, 1007 Lex Ave LLC, 163 Chrystie LLC, Jacob NY Holdings LLC, and Jacob NY Holdings Ltd. (collectively, the "Harounian LLCs").

[* 2]

INDEX NO. 653795/2015
RECEIVED NYSCEF: 04/17/2025

conduit for the opinion of an unproduced expert" (*Malletier v Dooney & Bourke, Inc.*, 525 F Supp 2d 558, 664 [SD NY 2007]; *see Pacific Life Ins. Co. v Bank of NY Mellon*, 571 F Supp 3d 106, 115 [SD NY 2021]).

Plaintiff retained Mr. Gutierrez, a Certified Public Accountant licensed in New York and Florida, to perform a forensic accounting analysis in connection with this litigation in early 2021. Gutierrez testified that although he signed the expert report submitted in this case, portions of the report—specifically those detailing the entities, ownership structures, and methodologies—were co-authored with his associate, Stefano D'Urso (NYSCEF 1469 [Gutierrez Deposition Transcript] at 23:13-24:19). Mr. D'Urso, along with another associate, Joseph Gangemi, conducted the primary review of more than 4,000 transactions, including invoices, checks, and supporting documents (*id.*). Mr. Gutierrez testified that he did not personally review the original transaction records, and instead reviewed the work completed by his staff (*id.* at 28:2-4). Nevertheless, Mr. Gutierrez stated that he supervised and directed the associates' work, meeting with them periodically to assess their progress, discuss their findings, and determine whether further analysis was warranted (*id.* at 26:19-27:9). Mr. Gutierrez retained final decision-making authority over the scope and sufficiency of the review and found no errors in the associates' work (*id.* at 27:10-18). Though the degree of Mr. Gutierrez's involvement in analyzing the transactions at issue is a valid subject to raise on cross examination, and his deposition testimony may limit the permissible scope of his testimony at trial, his testimony should not be precluded entirely (though the Court may revisit this issue depending on the specific testimony offered at trial).

The Harounian Defendants also take issue with Mr. Gutierrez listing certain transactions in his report as "likely fraudulent" or "partially fraudulent," arguing that such categorizations

constitute impermissible legal conclusions. "While an expert 'may opine on an issue of fact within the jury's province,' an expert 'may not give testimony stating ultimate legal conclusions based on those facts'" (*Scott v Chipotle Mexican Grill, Inc.*, 315 FRD 33, 48 [SD NY 2016], quoting *United States v Bilzerian*, 926 F2d 1285, 1294 [2d Cir 1991]). While Mr. Gutierrez will not be permitted to opine as to a party's state of mind or testify that certain transactions are fraudulent (his hearsay "report" itself likely will be inadmissible), he may depending on the circumstances opine as to appropriate accounting treatment and whether certain transactions exhibit indicia of fraud (*see e.g Hudson Ins. Co. v Oppenheim*, 31 Misc 3d 1203[A] [Sup Ct, NY County 2010] [permitting expert to testify on indicia of accounting fraud where it would be helpful to the fact finder]). Again, the denial of this motion is without prejudice to objecting to specific questions or testimony at trial.

Accordingly, it is

**ORDERED** that Defendants' motion to preclude the testimony of Mr. Gutierrez is denied, without prejudice to asserting specific objections at trial.

This constitutes the decision and order of the Court.

20250417130940JMCOHEN550A5C568B0B4C51942315506857C1C5

| 4/17/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **JOEL M. COHEN, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X NON-FINAL DISPOSITION | |
| | X | DENIED GRANTED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]