■ Kevin Delacey et al., Respondents, v Gibbons, Esposito & Boyce, P. C., et al., Appellants, and A & J Crane Rental et

al., Respondents. (And a Third-Party Action.) [646 NYS2d 871] —In an action to recover damages for personal injuries, etc., the defendants Gibbons, Esposito & Boyce, P. C. and Shah Assoc., P. C., separately appeal from an order of the Supreme Court, Westchester County (Shapiro, J.), entered August 23, 1995, which denied their motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the defendants Gibbons, Esposito & Boyce, P. C. and Shah Assoc., P. C., and the action against the remaining defendants is severed.

On December 7, 1988, the plaintiff Kevin Delacey was injured when the crane he was operating at a construction site tipped over. The plaintiffs subsequently commenced this personal injury action against engineering contractor Gibbons, Esposito & Boyce, P. C. (hereinafter GEB), and engineering subcontractor Shah Assoc., P. C. (hereinafter Shah), alleging that the crane had tipped over because an unidentified engineer at the job site negligently ordered Delacey to retract its outriggers.

On appeal, the defendants GED and Shah contend that the Supreme Court erred in denying their respective motions for summary judgment because there is no evidence that the person who allegedly instructed the injured plaintiff to retract the crane's outriggers was an engineer employed by them. We agree. In support of its motion for summary judgment, the defendant GED sustained its initial burden of establishing its entitlement to judgment as a matter of law by submitting evidence which demonstrated that none of its employees were present when the accident occurred, and that none of its employees instructed the injured plaintiff to retract the outriggers of his crane. The defendant Shah similarly submitted evidence that none of its employees were working with the injured plaintiff's crew at the time of the accident. The movants also established that the injured plaintiff had previously given sworn testimony, in connection with prior litigation, in which he admitted that the person who had instructed him to retract the outriggers was actually his employer's foreman. The burden thus shifted to the plaintiffs to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York,* 49 NY2d 557, 562). However, the injured plaintiff's speculative assump-

tion that the person who instructed him to retract the outriggers was an engineer because of the "way he was dressed and the way he gave orders" is insufficient to raise a genuine issue of fact as to whether this unknown individual was an engineer employed by the moving defendants. O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.