■ BARTON LOEWENTHAL et al., Respondents, v CATSKILL FUNLAND, INC., Appellant. [654 NYS2d 169] —In an action to recover damages for personal injuries, etc., the defendant appeals (1) from an order of the Supreme Court, Nassau County (DiNoto, J.), dated September 18, 1995, which denied its motion for summary judgment dismissing the complaint, and (2), as limited by its brief, from so much of an order of the same court, dated April 23, 1996, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated September 18, 1995, is dismissed, as that order was superseded by the order dated April 23, 1996, made upon reargument; and it is further,

Ordered that the order dated April 23, 1996, is reversed insofar as appealed from, on the law, the order dated September 18, 1995, is vacated, the defendant's motion is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff Barton Loewenthal was injured while riding in a "go-cart" at an amusement park. According to his deposition testimony, which the defendant submitted as an exhibit to its motion for summary judgment, the accident occurred when he instructed his eight-year-old daughter, who was driving, to make a sharp turn back onto the main track. There was insufficient room to negotiate the turn, so the go-cart veered off the intended course, striking the pit barrier wall which separated the pit from the main track, causing the go-cart to come to a sudden stop which allegedly caused injuries to the plaintiff Barton Loewenthal.

On its motion for summary judgment, the defendant bore the initial burden of establishing its entitlement to judgment as a matter of law (*see, Delacey v Gibbons, Esposito & Boyce*, 230 AD2d 886). In riding the go-cart, the plaintiff Barton Loewenthal assumed the risks inherent in the activity (*see, Murphy v Steeplechase Amusement Co.*, 250 NY 479), which included the prospect that the go-cart would bump into objects. In any case, it was apparent from the deposition testimony of the plaintiff Barton Loewenthal that the proximate cause of the impact was not any defect in the course but the fact that the go-cart veered off its intended course, striking the wall in the pit area head on. Therefore, the defendant satisfied its burden.

In opposition, the plaintiffs attempted to establish dangerous conditions over and above the risks inherent in the activity (*see, Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970; *Murphy v Steeplechase Amusement Co., supra*, at 483-484), with an affidavit from an expert in highway safety, who apparently had no prior experience with amusement-park rides, and did not visit the scene of the accident. He based his opinion that the go-cart ride was not safe on conversations with the plaintiffs' attorney as well as a review of materials provided by the plaintiffs' attorney, including unspecified photographs of the scene and a manual which he characterized as "a possible industry standard" or "reference point" authored by one who manufactures carts but not tracks. There was no evidence that the design of the track failed to meet prevailing industry standards (*see, Schumacher v Richards Shear Co.*, 59 NY2d 239, 249; *Wessels v Service Mdse.*, 187 AD2d 837; *Interstate Cigar Co. v Dynaire Corp.*, 176 AD2d 699), or that the defendant had any knowledge, actual or constructive, of any condition that would enhance the risks inherent in the ride (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Bernard v Waldbaum, Inc.*, 232 AD2d 596; *Appleby v Webb*, 186 AD2d

1078; *Perez v City of New York*, 168 AD2d 227). Accordingly, the defendant is entitled to summary judgment. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.