■ BRIAN MILEA et al., Appellants, v OUR LADY OF MIRACLES ROMAN CATHOLIC CHURCH, Doing Business as OUR LADY OF MIRACLES SCHOOL, Respondent. [736 NYS2d 84] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered October 31, 2000, which, upon granting the defendant's motion pursuant to CPLR 4401 to dismiss the complaint at the close of the plaintiffs' case, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The infant plaintiff, a member of the defendant's seventh grade basketball team, sustained an injury when he landed on a metal cross bar attached to a portable basketball hoop while playing basketball in the defendant's gym/auditorium. He and his father commenced this action against the defendant, alleging that it failed to use reasonable care in maintaining the portable hoop on the floor. At the close of the plaintiffs' case the Supreme Court granted the defendant's motion pursuant to CPLR 4401 to dismiss the complaint on the ground that the infant plaintiff assumed the risk of injury by voluntarily engaging in the basketball game.

When injuries occur during voluntary sporting or recreational activities, a plaintiff is barred from recovery if he or she is determined to have assumed the risk as a matter of law (*see, Morgan v State of New York,* 90 NY2d 471). When an individual voluntarily participates in a sport or recreational activity, he or she "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York, supra,* at 484).

The Supreme Court properly determined that the infant plaintiff assumed the risk of the injury sustained. Contrary to the plaintiffs' contention, the presence of the portable basketball hoop and the support bars attached thereto did not constitute a dangerous condition over and above the usual dangers inherent to the sport (*see, Morgan v State of New York, supra,* at 485; *Owen v R.J.S. Safety Equip.,* 79 NY2d 967).

The plaintiffs' remaining contentions are without merit. Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.