In an action to recover damages for personal injuries, the de *321 fendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered December 24, 2002, as denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.
The plaintiff allegedly sustained personal injuries while riding a water slide at the defendant’s water park. The defendant moved for summary judgment dismissing the complaint based upon the doctrine of assumption of risk. The Supreme Court denied the motion, finding that there was a triable issue of fact.
A plaintiff is barred from recovery for injuries which occur during voluntary sporting or recreational activities if it is determined that he or she assumed the risk as a matter of law (see Morgan v State of New York, 90 NY2d 471 [1997]; Milea v Our Lady of Miracles R.C. Church, 290 AD2d 424 [2002]; Loewenthal v Catskill Funland, 237 AD2d 262 [1997]). A voluntary participant in a sporting or recreational activity consents to those commonly-appreciated risks which are inherent in and arise out of the nature of such activity generally, and which flow from the participation (see Morgan v State of New York, supra at 484; Milea v Our Lady of Miracles R.C. Church, supra).
The defendant sustained its burden of proving its prima facie entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]) by presenting evidence that the plaintiff understood and voluntarily assumed the risks inherent in the activity at issue (see Morgan v State of New York, supra; Milea v Our Lady of Miracles R.C. Church, supra; Loewenthal v Catskill Funland, supra).
Contrary to the plaintiffs contention, she did not establish the existence of a dangerous condition over and above the risk inherent in the subject activity (see Loewenthal v Catskill Funland, supra). Further, the affidavit submitted by the plaintiffs engineering expert did not raise a triable issue of fact, since the expert’s conclusions were speculative and not based upon personal knowledge or evidence in the record (see Kracker v Spartan Chem. Co., 183 AD2d 810, 812 [1992]).
In light of our determination, the parties’ remaining contentions are academic. Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.