■ Dawn Shivers, Respondent, v Elwood Union Free School District, Appellant. [971 NYS2d 568]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated October 27, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

In April 2008, the plaintiff was a student at John H. Glenn High School, which is located within the Elwood Union Free School District (hereinafter the defendant), in Suffolk County. The plaintiff, who was then 17 years old, and in her senior year, allegedly was injured while participating in a "Competition Night" activity at the high school gymnasium. The specific activity in which the plaintiff was engaged was a relay race known as "human railroad." In this race, student teams line up at a starting point, the first member of each team lays down on the gym floor and stretches his or her hands over his or her head, and the second team member then straddles the first one, and lays down in front of the prone participant, who then grabs and holds onto the feet of the second team member. This linking is then continuously repeated by all of the members of the team until they eventually return to the starting point. The winner is the team which first returns all of its members back to the starting point. The plaintiff alleges that the student who was behind her "dove down too early" at one point in the race, and made contact with the plaintiff's head, which then hit the floor. As a result, the plaintiff sustained a deviated septum. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that, under the doctrine of primary assumption of risk, the plaintiff assumed the risk of her injury by voluntarily participating in a recreational activity. The Supreme Court denied the motion.

"[A]thletic and recreative activities possess enormous social value, even while they involve significantly heightened risks . . . [T]hese risks may be voluntarily assumed to preserve these beneficial pursuits as against the prohibitive liability to which they would otherwise give rise" (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]). The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "A plaintiff is barred from recovery for injuries which occur during voluntary sporting or recreational activities if it is determined that he or she assumed the risk as a matter of law" (*Leslie v Splish Splash at Adventureland*, 1 AD3d 320, 321 [2003]; *see Morgan v State of New York*, 90 NY2d 471 [1997]).

Here the defendant demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that the injured plaintiff understood and voluntarily assumed the risks inherent in the activity at issue (*see Leslie v Splish Splash at*

*Adventureland*, 1 AD3d at 321; *cf. Trupia v Lake George Cent. School Dist.*, 14 NY3d 392 [2010]). In this regard, we note that the plaintiff had previously participated in the same "human railroad" relay race at the high school during her sophomore year. Moreover, given the mechanics of this particular activity, it is clear that a reasonable person who had observed or previously participated in such activity would have realized that it was fraught with risk for injury. Although the plaintiff claims that the earlier event was not played as "aggressively" as the one in which she was injured, "[i]t is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278 [1985]).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, she did not raise a triable issue of fact as to the existence of a dangerous condition over and above the risk inherent in the subject activity (*see Leslie v Splish Splash at Adventureland*, 1 AD3d at 321; *Loewenthal v Catskill Funland*, 237 AD2d 262, 263 [1997]). The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.