■ KAREN TREACY, Appellant, v CASTLE FUN CENTER et al., Respondents, et al., Defendants. [992 NYS2d 585]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), entered April 15, 2013, which, upon the granting of the motion of the defendants Castle Fun Center and Jesters Pub and Restaurant pursuant to CPLR 4401, made at the close of the plaintiff's case at a trial on the issue of liability, in effect, for judgment as a matter of law dismissing the complaint insofar as asserted against them, is in favor of the defendants Castle Fun Center and Jesters Pub and Restaurant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On August 29, 2009, the plaintiff allegedly was injured when a go-kart being operated by a family member slid into the rear of the go-kart the plaintiff was operating on what is commonly

referred to as a slick track go-kart course on the grounds of an amusement facility owned and operated by the defendants Castle Fun Center and Jesters Pub and Restaurant (hereinafter together the defendants) in Chester, New York. A slick track course is designed to be intentionally slick in areas of the course, especially in the curves. Portions of the track were made slick via the application of various substances, including, inter alia, spray lubricants, which were on occasion mixed with water.

Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion for judgment as a mater of law dismissing the complaint insofar as asserted against them, as the plaintiff, under the facts of this case, assumed the risk of her injuries (*see Loewenthal v Catskill Funland*, 237 AD2d 262 [1997]). Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.