■ MARIE AUGUSTIN, Appellant, v GRAND PRIX NEW YORK RACING, LLC, Respondent. [30 NYS3d 265]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered January 17, 2014, which granted the defendant's motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured while driving a go-kart at a go-kart track owned and operated by the defendant. The plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the amended complaint, and the Supreme Court granted the motion.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that, under the doctrine of primary assumption of the risk, the plaintiff assumed the risks inherent in driving a go-kart, including the risk of sustaining injuries in the manner in which the plaintiff did in this case (*see Custodi v Town of Amherst*, 20 NY3d 83, 87-88 [2012]; *Treacy v Castle Fun Ctr.*, 120 AD3d 1405, 1406 [2014]; *Loewenthal v Catskill Funland*, 237 AD2d 262, 263 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant unreasonably increased the risk of injury above and beyond the usual dangers inherent in the sport (*see Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *O'Connor v Hewlett-Woodmere Union Free Sch. Dist.*, 103 AD3d 862, 863 [2013]; *Zayat Stables, LLC v NYRA, Inc.*, 87 AD3d 1063, 1064 [2011]). The plaintiff submitted, inter alia, an affidavit of an expert. The Supreme Court improvidently exercised its discretion in declining to consider the affidavit on the ground that the expert was not disclosed until after the note of issue was filed, as there was no evidence that the plaintiff's delay in retaining the expert or in serving her expert information was intentional, willful, or prejudicial to the defendant (*see* CPLR 3101 [d] [1] [i]; *Abreu v Metropolitan Transp. Auth.*, 117 AD3d 972, 974 [2014]; *Burbige v Siben & Ferber*, 115 AD3d 632, 633 [2014]; *Rivers v Birnbaum*, 102 AD3d 26, 41-43 [2012]). Nevertheless, the affidavit failed to raise a triable issue of fact. While the expert alleged that the subject go-kart did not comply with safety guidelines promulgated by the American Society for Testing and Materials, those guidelines are nonmandatory, and insufficient to raise a triable issue of fact as to whether the defendant was negligent (*see Moseley v Philip Howard Apts. Tenants Corp.*, 134 AD3d 785, 787 [2015]; *Cioffi v Klein*, 131 AD3d 914 [2015]; *Troiani v White Plains City School Dist.*, 64 AD3d 701, 702 [2009]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.