■ JULIA NUNEZ, Individually and as Administratrix of the Estate of SANTIAGO NUNEZ, Deceased, Appellant, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff-Respondent. NEW YORK NEWS, INC., Third-Party Defendant-Respondent.— Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered January 29, 1990, which granted defendant and third-party plaintiff City of New York's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross-motion for disclosure, is unanimously affirmed, without costs.

We agree with the IAS court that at the time of the decedent's accident in 1983, the State of New York, not defendant City, owned, operated, controlled, designed and constructed the entrance ramp of the Major Deegan Expressway where the accident occurred, by reason of sections 340-b (5) and 349-c (3.3) of the Highway Law, as amended, which vested in the New York State Commissioner of Transportation the sole power and authority to acquire and dispose of property located within the City for the design, construction, reconstruction and maintenance of interstate and arterial highways, and section 340-a of the Highway Law, which specifically designates the Major Deegan Expressway, as well as its exit and entrance ramps, as within the purview of the statute. Thus, the New York State Department of Transporta-

tion, as owner of the Major Deegan Expressway, was responsible for the design and construction, installation of road signs and resurfacing of the Expressway at the site of the accident, while the City's sole duty, pursuant to Highway Law § 340-b (5-a) and the New York State Department of Transportation's "MAINTENANCE STANDARDS FOR ARTERIAL HIGHWAYS—New York City", was to provide general maintenance and repair of the roadway and its ramps.

In view of the foregoing, plaintiff's bare allegations that the City was responsible for the accident and had breached a duty to plaintiff's decedent by its negligent failure to properly maintain the roadway in question, without more, are insufficient to defeat the City's motion for summary judgment dismissing the complaint, particularly since liability for the failure to perform such purely discretionary acts as resurfacing, sign installation and the setting of speed limits may be predicated only upon proof that the failure to act was due to inadequate study or lacked a reasonable basis (DiCupe v City of New York, 167 AD2d 442, lv denied 77 NY2d 806), which is not here asserted.

Plaintiff's assertion that the City had actual or constructive notice of defective conditions on the entrance ramp in question prior to the decedent's accident was rebutted by an affidavit from an employee of the New York City Department of Transportation's Prior Notification Unit stating that the Unit had not received any written notification of any alleged defective conditions on the subject ramp for two years prior to the accident.

Similarly, we find, as did the IAS court, that the occasional posting of work crews in the vicinity prior to the accident was not indicative of a defective condition at the accident site, as plaintiff contends, but merely that the City was fulfilling its highway maintenance obligations.

Equally devoid of merit is plaintiff's reliance on the affidavit of an engineer, who did not visit the accident site until three months after its occurrence, speculating as to hazardous conditions which might have caused the accident.

Finally, we find that the IAS court did not abuse its discretion in denying plaintiff's cross-motion for a further deposition of the City and production of additional records pertaining to the accident site, where plaintiff had already filed a note of issue and certificate of readiness for trial, and failed to show that facts within the City's exclusive control and essential to justify opposition could be uncovered by such disclosure (CPLR

3212 [f]; *Auerbach v Bennett,* 47 NY2d 619, 636). Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.