■ SHELDON FINKELMAN, Respondent, v CITY OF NEW YORK, Appellant. [616 NYS2d 69] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Dowd, J.), dated October 2, 1991, which denied its motion to renew the plaintiff's motion for leave to file a late notice of claim, which was granted by an order of the same court dated June 13, 1983, and (2) an interlocutory judgment of the same court (Bernstein, J.), entered February 20, 1992, which, upon a jury verdict, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the interlocutory judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of an interlocutory judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review on the appeal from the interlocutory judgment (see, CPLR 5501 [a] [1]).

On June 12, 1980, the plaintiff was operating a motor vehicle and was proceeding in a westbound direction on the Belt Parkway in Brooklyn. The plaintiff admittedly lost control of his vehicle, allowing it to cross over a median and into the oncoming traffic in the eastbound lanes, where it collided with another automobile.

In order to impose liability on the defendant City of New York, the plaintiff alleged, inter alia, that the curb adjacent to the divider which separated the westbound from the eastbound lanes acted as a "ramp" which, according to the plaintiff's bill of particulars, "contribut[ed] to plaintiff's vehicle proceeding into the eastbound lanes". At the trial, the plaintiff's expert testified that the occurrence of the accident was "due to [a] buildup of material, might have been snow and ice material * * * in the median which effectively lowered the height of the guardrail and caused a ramp effect".

The theory of liability reflected in the testimony outlined above was based neither on an allegation that the curb itself was defective nor on an allegation that the guardrail itself was defective. Instead, this theory of liability rested on the assertion that the defendant had negligently allowed the accumulation of a quantity of what was poorly defined as "snow and ice material" and on the further assertion that this negligence caused the plaintiff's car to vault over the median as a result of the so-called "ramp effect". We find that this theory of liability is unsupported by objective facts in evidence.

There is no competent evidence in the record upon which to base a conclusion that the "ramp effect" or the "mound effect" which allegedly existed on the median near the scene of the accident was, as the plaintiff's expert testified, caused by the accumulation of "snow and ice control materials". Considering that some "buildup" is concededly to be expected on the medians of busy roadways, even in areas with no snowfall, we find that there is no competent evidence upon which to assess the extent to which the buildup allegedly present at the site of the accident in this case may properly be attributed to the defendant's snow-removal procedures. There is consequently no valid proof to establish that the amount of buildup which can properly be attributed to the defendant, rather than to natural forces, constituted a cause of the plaintiff's accident.

In sum, we find that the testimony of the plaintiff's expert was based on several assumptions, including the assumption that all or even the greater part of the median "buildup" was related to snow-removal procedures, which are not supported by factual evidence in the record. The ultimate opinion expressed by this expert is therefore without probative value (see, Nunez v City of New York, 177 AD2d 394; Donaghy v Bilotti, 159 AD2d 478; Bradley v State of New York, 132 AD2d 816).

Because the plaintiff failed to establish a prima facie case, the interlocutory judgment as to liability is reversed and the complaint is dismissed.

In light of our reversal of the interlocutory judgment, we need not reach the issues raised by the appellant with reference to the intermediate order. Bracken, J. P., Miller, Joy and Altman, JJ., concur.