■ JOSEPH M. PTACEK, Appellant, v CITY WIDE ASPHALT PAVING CO., INC., et al., Respondents. [760 NYS2d 406] —Order, Supreme Court, New York County (Edward Lehner, J.), entered February 19, 2002, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that he tripped and fell on a construction plate placed in the roadway by defendants, who were engaged in nearby paving projects. No one witnessed the accident and plaintiff has no recollection of the event. His account is based entirely on police investigative reports, submitted by his attorney in opposition to defendants' postnote-of-issue motions for summary judgment. According to these reports, after receiving a call from a good samaritan, the police found plaintiff, with a laceration to the back of his head, sitting on the curb in the vicinity of ongoing construction work. He was able to give his name but did not know what happened and was taken to

the hospital when he started to vomit. The police determined that plaintiff had punched out of work a few minutes before they found him and was walking easterly toward where his car was parked. Examination of the scene revealed a construction metal plate with loose gravel on it "pushed toward [the] east, as if some one walking eastbound slipped backwards," and two nearby blood stains where such a person's head would have hit the pavement. Accordingly, foul play was ruled out as "it would appear that the aided possibly did lose his footing on a metal plate with gravel on it," striking the back of his head. Although there is nothing in the police reports to so indicate, plaintiff's attorney asserted that defendants' construction work blocked the sidewalk to pedestrians, forcing plaintiff to detour onto the street, where he stepped on loose gravel negligently left on the steel plate by defendants.

The IAS court properly rejected this theory of causation as "pure conjecture." Even if the police reports permit an inference that plaintiff slipped on loose gravel on a construction plate installed by defendants, they do not show that the gravel was present on the plate due to defendants' negligence, or that the construction work forced plaintiff to walk on the street instead of the sidewalk. The IAS court also properly rejected plaintiff's CPLR 3212 (f) request for leave to take the officers' depositions. It appears that the officers could not give affidavits due to NYPD policy but could have been deposed prior to filing the note of issue and could also be subpoenaed to testify at trial. Denial of such leave was a proper exercise of discretion since plaintiff had ample opportunity to take the officers' depositions before filing a note of issue. "Summary judgment may not be defeated on the ground that more discovery is needed, where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction." (*Meath v Mishrick*, 68 NY2d 992, 994 [1986]; *Nunez v City of New York*, 177 AD2d 394, 395-396 [1991].)

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.