■ Krinos Foods, Inc., Appellant, v Vintage Food Corporation, Respondent. [818 NYS2d 67]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered July 11, 2005, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff alleges that its one-year exclusive distributorship agreement with a nonparty foreign supplier of confectionary food products was terminated by the supplier when plaintiff failed to meet the stipulated minimum sales quota, that such failure was caused by defendant's selling the supplier's products in plaintiff's exclusive territory, and that pursuant to a trade custom, plaintiff's agreement with the supplier would have been continuously renewed for at least 10 years as long as plaintiff met its annual sales quota.

Plaintiff's cause of action for tortious interference with contract was properly dismissed for lack of an allegation that the supplier breached the distributorship agreement (see *NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-622, 623-624 [1996]; *Israel v Wood Dolson Co.*, 1 NY2d 116, 120 [1956]). We reject plaintiff's use of defendant's affidavit to argue that if, as defendant "baldly" states therein, the supplier "was aware" and "approved" of defendant's sale of its products in plaintiff's territory, then the supplier did indeed breach the agreement. Such an allegation is speculative and vague in that it fails to give fair notice that the supplier sold products to defendant in violation of the agreement.

Plaintiff's allegation that defendant interfered with plaintiff's business relations with the supplier in order "to advance its own competing interests in gaining profits from the sale of [the supplier's] products" is insufficient to show that defendant used the "wrongful means," e.g., "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure," necessary to state a cause of action for tortious interference with business relations (see *NBT Bancorp*, 87 NY2d at 624; *Carvel Corp. v Noonan*, 3 NY3d 182, 190-193 [2004]).

Plaintiff's cause of action to impose a constructive trust on the profits realized by defendant in selling the supplier's products in plaintiff's territory was properly dismissed for lack of an allegation that the parties had a confidential or fiduciary relationship (see *Panetta v Kelly*, 17 AD3d 163, 165 [2005], *lv dismissed* 5 NY3d 783 [2005]). The cause of action for unjust enrichment, based on the same realization of profits, was properly dismissed for lack of an allegation that plaintiff bestowed any kind of benefit on defendant (see *Sergeants Benevolent Assn. Annuity Fund v Renck*, 19 AD3d 107, 111-112 [2005]).

Nor can plaintiff base a cause of action for unfair competition on defendant's acts of importing, selling and offering to sell products that defendant knew were covered by the distributorship agreement. Such acts do not, as plaintiff conclusorily al-

leges, constitute "a bad faith misappropriation" of plaintiff's skill, labor and expenditures (*see Randa Corp. v Mulberry Thai Silk, Inc.*, 2000 WL 1741680, *3-4, 2000 US Dist LEXIS 17014, *12-13 [SD NY 2000]; *cf. Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 20 AD3d 439 [2005]). Concur—Mazzarelli, J.P., Andrias, Gonzalez, Sweeny and McGuire, JJ.