■ NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., Respondent, v JOHN J. FIERO et al., Appellants. [827 NYS2d 4]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered June 1, 2006, which granted plaintiff's motion for summary judgment and awarded it the principal sum of $1,010,809.25, unanimously affirmed, with costs.

Plaintiff's action to collect the disciplinary fine it had imposed was not a proceeding to confirm an arbitration award, and was thus not subject to a one-year limitation period (CPLR 7510). Plaintiff is authorized by Congress to promulgate and enforce rules governing the conduct of its members (*see DL Capital Group, LLC v Nasdaq Stock Mkt., Inc.*, 409 F3d 93, 95 [2d Cir 2005]). The instant fine was authorized by plaintiff's bylaws and rules, and any sanction upheld by its National Adjudicatory Council was subject to review by the Securities and Exchange Commission and, ultimately, by the United States Court of Appeals (*see Mister Discount Stockbrokers, Inc. v Securities & Exch. Commn.*, 768 F2d 875, 876 [7th Cir 1985]). In addition, the form U-4 executed by the individual defendant obligated him to comply with any penalty imposed by plaintiff. Defendants' claim of selective enforcement, while a defense in theory (*see Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693 [1979]), was properly dismissed because plaintiff is a private actor (*see Desiderio v National Assn. of Sec. Dealers, Inc.*, 191 F3d 198, 206 [2d Cir 1999], *cert denied* 531 US 1069 [2001]). Moreover, while defendants submitted general pronouncements regarding plaintiff's selective enforcement during the years prior to commencement of the underlying disciplinary proceeding, they failed to submit evidence in support of their assertion that plaintiff's proceeding against them suffered from such infirmity. Defendants' claimed need for discovery, unsupported by discovery notices and failing to specify what information was needed, was an ineffectual "mere hope" insufficient to withstand summary judgment (*see Moran v Regency Sav. Bank, F.S.B.*, 20 AD3d 305, 306 [2005]). The counterclaims, including those based on plaintiff's commencement of another proceeding that was ultimately held to be unauthorized, were properly dismissed based on plaintiff's immunity, since its actions had been taken within the scope of its official duties under the Securities and Exchange Act of 1934 (*see Scher v National Assn. of Sec. Dealers, Inc.*, 386 F Supp 2d 402, 406-407 [SD NY 2005]; *see also D'Alessio v New York Stock Exch., Inc.*, 258 F3d 93, 104-106 [2d Cir 2001], *cert denied* 534 US 1066 [2001]). Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.