■ KRONISH LIEB WEINER & HELLMAN LLP, Respondent-Appellant, v TAHARI, LTD., Appellant-Respondent. (And a Third-Party Action.) [829 NYS2d 7]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered May 26, 2005, which, inter alia, granted defendant's motion to dismiss insofar as to dismiss the causes of action for tortious interference with contract and unjust enrichment, unanimously modified, on the law, the motion denied with re-

spect to the cause of action for tortious interference, and that cause reinstated, and otherwise affirmed, with costs to plaintiff. Order, same court and Justice, entered January 12, 2006, which, inter alia, granted plaintiff's motion insofar as it seeks summary judgment as to liability on the trespass cause of action and summary judgment dismissing defendant's eighth through fourteenth affirmative defenses, unanimously modified, on the law, the motion granted insofar as it seeks summary judgment dismissing defendant's fifteenth through nineteenth affirmative defenses, and otherwise affirmed, with costs to plaintiff.

Plaintiff had standing to commence this trespass action against defendant holdover subtenant based on its right to immediate possession of the subject office space, as determined in the prior ejectment action against defendant (13 AD3d 200 [2004]); contrary to defendant's contention, where, as here, the parties' rights to possession have already been determined, it is not necessary that plaintiff be in actual possession. Dismissal was not warranted based on the failure to join the building owner as a party, since it was not a necessary party whose rights could be inequitably affected by a judgment in the main action (*see generally Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 160 [2002]). Summary judgment was properly granted on this cause of action; a pure issue of law was involved and defendant offered no basis for its asserted belief that additional discovery would be productive of matter material and necessary to its defense against the trespass cause (*see e.g. National Assn. of Sec. Dealers, Inc. v Fiero*, 33 AD3d 547 [2006]).

The causation element of tortious interference was sufficiently pleaded. A cognizable claim for tortious interference does not require an allegation that the defendant's conduct was the sole proximate cause of the alleged harm. The motion court's finding that the owner's commencement of a holdover proceeding precluded a finding of causation was incorrect where the trespass had already been committed and the proceeding was merely an effort at mitigating or remedying the owner's breach of its agreement to lease the space to plaintiff. Since the cause of action is for interference with an existing contract, rather than a prospective economic relationship, the defense of economic justification is inapplicable (*see Bank of N.Y. v Berisford Intl.*, 190 AD2d 622 [1993]) and it is not necessary to allege that defendant used improper means or that its conduct was for the sole purpose of harming plaintiff (*see Carvel Corp. v Noonan*, 3 NY3d 182, 189-190 [2004]; *Hoesten v Best*, 34 AD3d 143, 159 [2006]; *Krinos Foods, Inc. v Vintage Food Corp.*, 30 AD3d 332,

333 [2006]). Accordingly, we modify to reinstate this cause of action.

Defendant's affirmative defenses of waiver, laches, unclean hands, unconscionability and negligence per se were all properly dismissed as, inter alia, conclusory. However, the fifteenth through nineteenth affirmative defenses should also have been dismissed. The affirmative defenses that defendant had surrendered the space and that plaintiff chose to accept "inconvenience" are not legal defenses to this action; the affirmative defense that consequential damages do not flow from a holdover is based on the breach of contract rule, whereas trespass sounds in tort. The affirmative defenses that plaintiff's damages were caused by the building owner and by defendant's sublessor were contradicted by the evidence. The 1996 letter by which consent was sought for defendant's sublease specified that the sublease could only be modified in writing and upon consent of the owner. Accordingly, defendant's claimed reliance on an oral representation that its lease term would be extended was unreasonable as a matter of law.

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Friedman, J.P., Nardelli, Gonzalez, Catterson and Kavanagh, JJ. [See 11 Misc 3d 1057(A), 2006 NY Slip Op 50264(U) (2006).]