■ MERRICK MAHONEY, Plaintiff, v TURNER CONSTRUCTION Co. et al., Defendants. (And Other Actions.) WILLIAMS SPECIALIZED SERVICES, INC., et al., Fourth Third-Party Plaintiffs-

Respondents, v HERITAGE AIR SYSTEMS, INC., et al., Fourth
Third-Party Defendants, and NEW YORK CRANE & EQUIPMENT
CORP., Fourth Third-Party Defendant-Appellant. TURNER CON-
STRUCTION Co. et al., Fifth Third-Party Plaintiffs-Respondents,
et al., Fifth Third-Party Plaintiff, v NEW YORK CRANE & EQUIP-
MENT CORP., Fifth Third-Party Defendant-Appellant, et al., Fifth
Third-Party Defendants. [831 NYS2d 47]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.),
entered September 6, 2005, which, to the extent appealed from,
denied third-party defendant New York Crane & Equipment
Corp.'s cross motion for summary judgment dismissing the
fourth and fifth third-party complaints against it and for sum-
mary judgment against the Williams defendants on its counter-
claim for contractual indemnification for attorney fees and costs
in connection with defending the fourth third-party action,
unanimously reversed, on the law, without costs or disburse-
ments, and the cross motion granted. The Clerk is directed to
enter judgment accordingly.

On May 12, 1999, plaintiff, an employee of Heritage Air
Systems, was assigned to work on the ventilation and duct
systems of a building under construction. Heritage had entered
into an agreement with Williams Transfer and Rigging, Inc.,
one of several Williams entities, by which the latter would
provide a crane for the project at a cost of $12,000 for two days.
Williams (collectively) concedes that it rented the crane from
New York Crane. On the morning of May 12, plaintiff and some
coworkers were directed to assist the crane operator, whose
crew had not yet arrived at the site, in rigging the crane.
Plaintiff climbed onto the crane's permanent boom and walked
to the end to insert a linchpin. While plaintiff was standing on
the partially elevated boom, the crane moved, causing him to
lose his footing and fall, thereby sustaining injuries.

Tobin, the operator, although supplied by New York Crane
and paid by Williams, worked under the direction and control of
Heritage; it is undisputed that Tobin was not under New York
Crane's direction or control. As Williams concedes, Heritage's
employees, including plaintiff, set up the crane, which was to be
used to lift fans, ductwork and material.

Paragraph 3 of the Williams/New York Crane rental agreement contains an indemnification clause requiring that Williams "assume all risks inherent in the operation and use of the item(s) and agree to assume the entire responsibility for the defense of, and to pay, indemnify and hold NY Crane . . . harmless from, and hereby release NY Crane from, any and all claims for damage to property or bodily injury (including death) resulting from the use, operation or possession of the item(s), whether or not it be claimed or found that such . . . injury resulted in whole or in part from NY Crane's negligence, from the defective condition of the item(s) or from any cause."

Plaintiff commenced a Labor Law action against the general contractor (Turner Construction Co.) and Williams, both of which commenced impleader actions against New York Crane. The latter answered and counterclaimed against Williams for contractual indemnification. When Turner and Williams cross-moved for summary judgment dismissing plaintiff's Labor Law claims and any cross claims against them, New York Crane cross-moved for summary judgment dismissing the fourth and fifth third-party complaints against it and for summary judgment against Williams on its counterclaim for contractual indemnification. In so moving, New York Crane argued that it merely leased the crane to Williams, did not employ the operator and had no supervisory control over the operator or the work. Therefore, it argued, it could not be liable for the operator's negligence. It also argued that in the absence of any negligence on its part, it was entitled to contractual indemnification. Turner and Williams opposed the motion on the ground that there was a question of fact as to whether Williams or Turner was the operator's employer, noting that that individual was selected by New York Crane and even though the operator was paid by Williams, the latter had no involvement in his selection. In reply, New York Crane pointed out that Michael Williams, president of one of the Williams entities, testified that his company would hire crane operators by having New York Crane call the union and make a request. Supreme Court denied New York Crane's cross motion as premature, with leave to renew after discovery. We reverse.

Even though it is not clear whether it was New York Crane or the union that arranged for the selection of the crane operator, or whether the operator was employed by New York Crane or Williams (*see Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *see generally Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.*, 101 AD2d 730 [1984]), summary judgment should have been granted to New York Crane. There was

no showing that the operator had been selected negligently, that a defective or inappropriate crane had been provided, or that any act or omission by New York Crane caused plaintiff's injury. As the record shows, New York Crane was no more than a lessor of the crane. It had no personnel at the site; nor did it control or direct the operation of the crane. No evidence was offered in opposition to New York Crane's prima facie showing, by affidavit of its general manager, that it merely leased the crane to Williams and did not supervise the crane operator or have any on-site responsibility.

In any event, even supplying the crane operator, without more, would not support a finding of liability (see *Diamond v Reilly Homes Constr. Corp.*, 245 AD2d 763, 765 [1997]). Here, the only evidence was that Williams paid the operator and that New York Crane was a mere conduit in supplying him. Furthermore, absent the ability to control the work, New York Crane could not be considered a statutory agent of the owner or contractor under Labor Law § 240 (1) (see *Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]). Nor can liability be predicated on New York Crane's rental agreement, which did not call for the providing of an operator (see *Szarewicz v Alboro Crane Rental Corp.*, 50 AD2d 770 [1975], *affd* 40 NY2d 1076 [1976]).

Given the absence of any showing that the indemnitee was negligent, the indemnification provision is not, as contended, void under General Obligations Law § 5-322.1 on the ground that it would indemnify New York Crane for its own negligence (see *Cavanaugh v 4518 Assoc.*, 9 AD3d 14 [2004]).

The claim that further discovery is needed affords no basis for forestalling summary judgment. New York Crane moved for summary judgment two years after it was impleaded. It cannot be determined from the record if Turner and Williams ever sought to depose New York Crane. If discovery is still outstanding, they have only themselves to blame for not having completed it over such a span of time (see *Ptacek v City Wide Asphalt Paving Co.*, 305 AD2d 119, 120 [2003]). In light of the extensive deposition testimony on the employment issue that has already taken place and the lack of a showing of what further evidence might be unearthed, the asserted need for further discovery reduces itself to a "mere hope," which is insufficient to defeat summary judgment (see *National Assn. of Sec. Dealers, Inc. v Fiero*, 33 AD3d 547, 548 [2006]). Concur—Saxe, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.