■ NORMAN CROUSE, Plaintiff, v HELLMAN CONSTRUCTION Co., INC., et al., Defendants. HELLMAN CONSTRUCTION Co., INC., Third-Party Plaintiff-Respondent, v SCHRODER BROTHERS Co., INC., Third-Party Defendant-Appellant. TDX CONSTRUCTION CORPORATION, Fourth-Party Plaintiff-Respondent, v HELLMAN CONSTRUCTION Co., INC., et al., Fourth-Party Defendants, and SCHRODER BROTHERS Co., INC., Fourth-Party Defendant-Appellant. [832 NYS2d 564]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered on or about February 3, 2006, which granted defendant and third-party plaintiff subcontractor Hellman's motion for summary judgment on its cause of action for contractual indemnification against third-party defendant sub-subcontractor Schroder, and denied Schroder's cross motion for summary judgment dismissing Hellman's third-party complaint and defendant construction manager TDX's cross claims against it, unanimously affirmed, without costs.

No issue of fact exists as to Hellman's negligence, the deposition testimony demonstrating that Hellman did not exercise any supervisory control over plaintiff's work, that Schroder, plaintiff's employer, did exercise such control, and that TDX was responsible for cleanup of the debris that allegedly caused plaintiff to fall (*see O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226-227 [2006], *affd* 7 NY3d 805 [2006]; *Conforti v Bovis Lend Lease LMB, Inc.*, 37 AD3d 235 [2007]). Testimony that

Hellman's employee inspected the site from time to time does not raise an issue of fact as to either Hellman's supervision or control (*see Cahill v Triborough Bridge & Tunnel Auth.*, 31 AD3d 347, 350 [2006]) or constructive notice of the condition, where there is no evidence as to how long the debris was present, Hellman's employee did not inspect the area every day, and the debris could have been produced only seconds before the accident (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Colozzo v National Ctr. Found., Inc.*, 30 AD3d 251, 252 [2006]). Since Hellman was not negligent, Schroder's agreement to indemnify it is enforceable under General Obligations Law § 5-322.1 even though the agreement does not limit the obligation to what the law allows (*see Colozzo; Cavanaugh v 4518 Assoc.*, 9 AD3d 14, 18 [2004]; *Mahoney v Turner Constr. Co.*, 37 AD3d 377, 379 [2007]). An issue of fact as to Schroder's obligation to indemnify TDX is raised by Schroder's agreement to indemnify Hellman, which covered not only Hellman but also Hellman's "affiliates," and Schroder's purchase order with Hellman, which refers to bid documents that require all subcontractors to indemnify TDX. Issues of fact also exist as to TDX's negligence in cleaning up debris. We have considered Schroder's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Williams, Gonzalez, Catterson and Kavanagh, JJ.