■ MILLER PARRA, Respondent, v ALLRIGHT PARKING MANAGEMENT, INC., et al., Appellants. (And a Third-Party Action.) [873 NYS2d 623]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered July 7, 2008, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's claims under Labor Law § 240 (1) and § 241 (6) and for common-law negligence, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The motion court improperly found that defendants (collectively Central) had the authority to control the capital improvements being performed in the garage owned by third-party defendant Triborough Bridge and Tunnel Authority (TBTA) and managed by Central. The parking management agreement

(PMA) between Central and TBTA does not give Central authority to control the separate capital improvement work which TBTA alone contracted for, and for which TBTA hired a separate construction management company to oversee the project, which reported to TBTA, not Central. Rather, the PMA required Central to cooperate with TBTA's contractors and subcontractors on this project, not to control or supervise them. To the extent the PMA requires Central to supervise, report on, or initiate construction at the garage, it related solely to the operation of the garage, and its maintenance for that purpose. TBTA's own project manager testified without contradiction that this capital improvement work was outside of those responsibilities, and that Central had no responsibilities or authority relating to the work, except to coordinate the closing of certain parking spaces in areas where the work was being done. Accordingly, in the absence of any authority to control the work causing plaintiff's injury, Central may not be held liable under Labor Law § 240 (1) or § 241 (6) (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Mahoney v Turner Constr. Co.*, 37 AD3d 377, 380 [2007]).

Plaintiff's claim sounding in common-law negligence should also have been dismissed, since Central's contract with TBTA was not so comprehensive and exclusive, as it related to the capital improvement work, to displace TBTA's duty to maintain the premises in a safe condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-141 [2002]; *Usman v Alexander's Rego Shopping Ctr., Inc.*, 11 AD3d 450 [2004]). Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.