■ MAHAMADOU GORY, Respondent, v NEIGHBORHOOD PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., Appellant, et al., Defendants. (And a Third Third-Party Action.) [979 NYS2d 314]—

Contrary to defendant Neighborhood's contention, the fact that the stairway on which plaintiff was working when he was injured was originally constructed as a permanent structure does not remove it from the reach of Labor Law § 240 (1). Not only had the stairway provided the sole means of access to the floors of the building during the demolition phase, but, in addition, it was an elevated surface on which plaintiff was required

to work to complete his task of breaking up the marble pieces covering each step. The surrounding walls had been demolished, and the staircase had no guard rails. Thus, "plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]).

Since plaintiff contends that his injury arose from a dangerous condition of the workplace, Neighborhood established prima facie that it was not liable under common-law negligence principles or Labor Law § 200 by submitting a sworn affidavit by its principal stating that no one from Neighborhood ever visited the demolition site or otherwise had notice of the dangerous condition of the staircase (*see Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 9 [1st Dept 2011]). In opposition, plaintiff failed to submit admissible evidence raising an issue of fact whether Neighborhood created or had actual or constructive notice of the dangerous condition.

We assume without deciding that the motion court properly allowed plaintiff to amend his bill of particulars, without leave of court, a week after Neighborhood moved for summary judgment, to add a new Labor Law § 241 (6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-3.3 (c). However, plaintiff offered no competent evidence that his injury was proximately caused by a failure to conduct continuing inspections during the demolition process "to detect any hazards . . . resulting from weakened or deteriorated floors or walls or from loosened materials" (12 NYCRR 23-3.3 [c]). Furthermore, it is undisputed that plaintiff's supervisor inspected the subject staircase before permitting plaintiff to begin his assignment.

Given the absence of any evidence of negligence on its part, Neighborhood is entitled to summary judgment on its contractual indemnification claim against defendant West 132nd Street (*see Mahoney v Turner Constr. Co.*, 37 AD3d 377, 380 [1st Dept 2007]). Concur—Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.