AIG Prop. Cas. Co. v High Line Constr. Group LLC

2026 NY Slip Op 02872

May 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

AIG Property Casualty Company as Subrogee of Adam Schwartz, Plaintiff-Respondent,

v

High Line Construction Group LLC, Defendant-Respondent-Appellant, The Night LLC et al., Defendants-Respondents, Sammy's Interior Painting, Inc., Defendant-Appellant-Respondent.

High Line Construction Group LLC, Third-Party Plaintiff-Respondent-Appellant,

Sammy's Interior Painting, Inc., Third-Party Defendant-Appellant-Respondent, FirstService Residential New York, Inc., Third-Party Defendant-Respondent, John Does 1-10 et al., Third-Party Defendants.

The Night LLC, Second Third-Party Plaintiff-Respondent,

Metro Loft Management LLC et al., Second Third-Party Defendants.

Decided and Entered: May 07, 2026

Index No. 158444/18 595626/19 595475/21|Appeal No. 6555|Case No. 2025-01839|

Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Feldman, Rudy, Kirby & Farquharson, P.C., Jericho (Gerald F. Kirby of counsel), for appellant-respondent.

Riker Danzig LLP, New York (Peter M. Perkowski Jr. of counsel), for respondent-appellant.

Frenkel Lambert Weisman & Gordon, LLP, Bay Shore (Lawrence B. Lambert of counsel), for AIG Property Casualty Company, respondent.

Yapchanyk, Prezioso & Yang, New York (Maureen E. Peknic of counsel), for The Night LLC, respondent.

[*1]

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered March 5, 2025, which, to the extent appealed from, denied the motion of defendant Sammy's Interior Painting, Inc., for summary judgment dismissing plaintiff's cause of action for negligence and all cross-claims and third-party claims against it, granted the motion by plaintiff for summary judgment to the extent of awarding judgment to it on its claim against defendant/third-party plaintiff High Line Construction Group LLC, granted the motion by defendant The Night, LLC for summary judgment on its cross-claim for contractual indemnification against High Line, and denied the motion by High Line for partial summary judgment on its cross-claims against Sammy's for contractual indemnification, unanimously modified, on the law, to the extent of awarding conditional summary judgment to High Line against Sammy's on its claim for contractual indemnification, and otherwise affirmed, without costs.

Supreme Court properly denied Sammy's motion for summary judgment since there is evidence in the record from which a jury could conclude that Sammy's, a painting subcontractor which was performing touch-up work on the same wall where a sprinkler head discharged, negligently caused the initial discharge by launching a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; Karydas v Ferrara-Ruurds, 142 AD3d 771, 772 [1st Dept 2016]). One of the workers testified that Sammy's was only working on the lower portion of the wall before the discharge occurred some distance away from the sprinkler, which was 10-15 inches from the ceiling. However, Sammy's owner testified that his workers used a ladder to perform the work, video evidence shows there was a ladder placed near the sprinkler that discharged, and it is undisputed that Sammy's employees used metal spackle knives when repairing the wall, which could have triggered the sprinkler by coming into contact with it.

[*2]

Supreme Court properly granted plaintiff AIG and The Night summary judgment for contractual indemnification against High Line. High Line's contract with The Night required that it indemnify The Night, and other parties including all unit owners in the building (such as plaintiff's subrogor) for, and provide a defense against, "claims, damages, losses and expenses . . . arising out of or related to (i) the Work . . . or (iii) the negligent or willful acts or omissions" of High Line or any of its subcontractors. This provision "is written in broad terms" and does not limit High Line's liability to instances where it is negligent (Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; see also Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38 [2010]; cf. Needham & Co., LLC v UpHealth Holdings, Inc., 212 AD3d 561, 561 [1st Dept 2023] [claim for indemnification denied where "indemnification clause in the contract between [indemnitee] and [indemnitor] does not explicitly require [indemnitor] to indemnify [indemnitee] for expenses arising out of [indemnitor]'s breach"] ). Thus, Supreme Court properly upheld the agreement, negotiated by sophisticated parties, which used "insurance to allocate the risk of liability to third parties between themselves" (Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419 [2006]), since there is evidence in the record to establish that something other than the work being performed in the subject premises caused the sprinkler to discharge. High Line's contention that the tender made by The Night was late or insufficient is belied by the record.

High Line should have been granted conditional summary judgment against Sammy's for contractual indemnification since there is no evidence that any High Line workers were in the vicinity of the area where the sprinkler was located before it discharged or had control over the work (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806 [2006]). Thus, since High Line was not negligent, it could be held "liable solely by virtue of statutory [or vicarious] liability" (Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616 [2d Dept 2011]; see Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]). Because High Line was not negligent, the provisions in the agreement between it and Sammy's requiring the latter to indemnify it and provide a defense are "enforceable under General Obligations Law § 5-322.1 even though the agreement does not limit the obligation to what the law allows" (Crouse v Hellman Constr. Co., Inc., 38 AD3d 477, 478 [1st Dept 2007]; see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 795 n 5 [1997] ["without a finding of negligence on the part of the general [contractor], the agreements as applied would not run afoul" of General Obligations Law § 5-322.1]).

We have considered the remaining contentions and find them unavailing.

[*3]

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 7, 2026